## GELFAND v STYS

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9171, Decided Jan. 14, 1929

William R Green, Cleveland, for Gelfand.
Gordon & Gordon, Cleveland, for Stys.

SULLIVAN, P J

By the admission of counsel for plaintiffs in error and by counsel for defendants in error, as well as by the answer of defendants in error, the landlords, which is supported by an affidavit, it appears that on November 24, 1928, and subsequent to the filing of the petition in error herein, the tenant surrendered to the landlords and owners of the property the possession thereof, and that ever since said date it appears by these admissions of the answer and affidavit, undenied by any pleading and admitted in open argument, that the landlords have been in possession of the property in question so surrendered on November 24, 1928, by the tenant, Gelfand, and the question arises upon motion as to whether by reason of the legal status thus created there is anything but a moot question arising from the issues in the case. The majority of the court is of the conclusion that there is only a moot question in the case, by reason of the matters and things herein noted and arising from the record and the admissions of opposing counsel.

A moot question is one which seeks for judgment on a pretended controversary or a decision in advance of its contest or a judgment upon some matter which when rendered can have no legal effect upon the issues. 162 Fed. 694, 702. It may also be the determination of an abstract question which does not arise upon existing facts or rights. State vs First Catholic church of Lincoln, 128 N. W. 657, 85 Neb. 2.

Coming closer to the question as it arises from the facts at bar, a moot case arises also, where a judgment is sought, upon a matter which when it is rendered, cannot have any practical effect upon the issues raised by the pleadings. This is the status of the case at bar. The inquiry is irresistible. Should the case be reversed upon another trial below, the paradoxical situation would arise that the landlords were seeking to dispossess a tenant who had already voluntarily dispossessed himself. It would unequivocally appear that the landlord was seeking a right which he had already acquired by consummation. The situation would be in the nature of reductio ad absurdam. The course, if plaintiffs secured judgment, would be to give them nothing but that which they already have and prayed for, to-wit, the possession of the premises and thus it would appear that the reason for this possession was because of the situation created by the tenant in vacating the property and surrendering the occupancy thereof. Therefore it seems to us that a reversal of the judgment below would be the creation of a legal folly. The same reasons would appear in affirmance of the judgment because the status of the parties produce an abstract question, and therefore a judgment either way would have no practical effect upon the status of the parties or the issues raised excepting as to the question of costs, or some legal situation that is anticipatory of a refusal to treat the question other than as a moot question.

We are bound by the issues under the record, the admissions of counsel and the actual status as appears therefrom, and a reviewing court cannot indulge in a case like the one at bar in anticipations, and the case cannot hinge upon the question

of costs, because in every moot case the question of costs is inevitably connected with the entire case. There cannot be, we think, a moot question without there being appended thereto the question as to costs, and therefore, if costs are the lever upon which the case swings there never would be a moot case because it is obvious that as the case progresses costs increase.

There is an application made to file a reply to the answer of defendants in error but whether it is granted is immaterial in our judgment, to the vital issues under discussion.

Thus holding, the motion to dismiss the petition in error is sustained.

Vickery and Levine, JJ, concur.