CROSSINGS DEVELOPMENT LTD. PARTNERSHIP, Appellant,

v.

H.O.T., INC. et al., Appellees.

[Cite as *Crossings Dev. Ltd. Partnership v. H.O.T., Inc.* (1994), 96 Ohio App.3d 475.]

Court of Appeals of Ohio,
Summit County.

No. 16347.

Decided Aug. 24, 1994.

*Robert Linton* and *Stephen Pruneski,* for appellant.

*Patrick Neman,* for appellees.

DICKINSON, Judge.

Plaintiff Crossings Development Ltd. Partnership has appealed from a judgment entered against it by the Summit County Court of Common Pleas granting defendant H.O.T., Inc.'s motion for a new trial in a forcible entry and detainer action. Plaintiff argued several assignments of error in its original brief to this court. After oral argument, this court asked the parties to submit briefs on the following issue:

"Whether execution of the writ of restitution rendered issues regarding the forcible entry and detainer aspect of the case moot, prior to the trial court's ruling on appellee's motion for a new trial."

This court overrules the assignments of error contained in plaintiff's original brief because it reverses the trial court's order granting a new trial on the ground

that the premises at issue were restored to plaintiff prior to the time the trial court granted defendant's motion for new trial and the forcible entry and detainer aspect of this matter was, therefore, moot.

## I

On June 1, 1991, plaintiff leased five thousand square feet of commercial space to defendant for use as a restaurant and lounge.[1] Defendant allegedly breached the lease in a number of ways and, on March 16, 1992, plaintiff sent a certified letter to plaintiff informing it of the alleged breaches and stating that, if those alleged breaches were not immediately corrected, plaintiff would "pursue its legal rights." On March 19, 1992, plaintiff served a three-day notice to vacate on defendant.[2] Thereafter, on March 24, 1992, plaintiff commenced this action for forcible entry and detainer and breach of contract in the Akron Municipal Court. Defendant answered plaintiff's complaint and filed a counterclaim by which it sought damages for improvements it had allegedly made to the premises and for alleged loss of business. The case was transferred to the Summit County Court of Common Pleas because the amount of the demand included in defendant's counterclaim exceeded the municipal court's jurisdiction.

The trial court held a hearing on the forcible entry and detainer aspect of plaintiff's claim on January 15, 1993. On February 4, 1993, the trial court ruled that plaintiff had a right to possession of the premises and that "[a] proper writ of restitution will be signed if furnished." Plaintiff filed a precipe for a writ of restitution the following day, February 5, 1993.

A writ of possession was issued on February 9, 1993. On February 11, 1993, defendant moved for a stay of execution pending appeal. On February 16, 1993, prior to the trial court ruling on defendant's motion for a stay, the writ of possession was executed and defendant was removed from the premises. Later that same day, the trial court granted defendant's motion for a stay. The following day, February 17, 1993, defendant moved, apparently pursuant to R.C. 1923.14, for an order restoring it to possession of the premises. The trial court granted defendant's motion that same day:

---

1. "Plaintiff" (Crossings Development Ltd. Partnership) also leased two thousand square feet of commercial space in the same shopping area to an entity named Hot Pocket, Inc., which, in turn, sublet that space to defendant (H.O.T., Inc.). Hot Pocket, Inc. was also a plaintiff in this case but only "plaintiff" (Crossings Development Ltd. Partnership) appealed from the trial court's judgment granting defendant's motion for a new trial. Use of the term "plaintiff" in this opinion refers only to Crossings Development Ltd. Partnership.

2. For some reason that is not clear from the record, plaintiff's notice to vacate was limited to four thousand square feet of the five thousand square feet occupied by defendant pursuant to its lease from plaintiff.

"Upon motion of the Defendant and for good cause shown, the Plaintiff is forthwith ordered to restore possession of the premises to the Defendant until further order of this Court."

Defendant apparently did not retake possession of the premises pursuant to the trial court's February 17, 1993 order. Further, defendant failed to file a notice of appeal from the trial court's judgment granting plaintiff's requested writ of restitution. Therefore, following a hearing on February 19, 1993, the trial court, on February 26, 1993, entered a journal entry vacating its February 17, 1993 order:

"It having been determined that no notice of appeal was filed herein, the order to restore premises issued February 17, 1993, is declared void and of no effect, and the motion for stay and for supersedeas bond is denied."

On March 8, 1993, defendant moved for a new trial. It did not, however, seek a stay of execution during the pendency of that motion. The trial court granted defendant's motion for a new trial on June 14, 1993:

"Upon Motion for a New Trial filed by Defendant and for good cause shown pursuant to the attached Ruling by the Court, the Court hereby orders a new trial. The Court further finds there is no just reason for delay."

On June 28, 1993, plaintiff filed a notice of appeal from the trial court's order granting defendant's motion for a new trial.

## II

At the time the trial court granted defendant's motion for a new trial, plaintiff had been in possession of the premises at issue for almost four months. In *Gelfand v. Stys* (1929), 7 Ohio Law Abs. 105, the Eighth District Court of Appeals considered an analogous situation and concluded that a defendant's voluntary vacation of premises during the pendency of an appeal from a judgment in a forcible entry and detainer action rendered that appeal moot:

"[A] moot case arises * * * where a judgment is sought, upon a matter which when it is rendered, cannot have any practical effect upon the issues raised by the pleadings. This is the status of the case at bar. The inquiry is irresistible. Should the case be reversed[,] upon another trial below, the paradoxical situation would arise that the landlords were seeking to dispossess a tenant who had already voluntarily dispossessed himself. It would unequivocally appear that the landlord was seeking a right which he had already acquired by consummation. * * * The course, if plaintiffs secured judgment, would be to give them nothing but that which they already have and prayed for, to-wit, the possession of the premises and thus it would appear that the reason for this possession was

because of the situation created by the tenant in vacating the property and surrendering the occupancy thereof." *Id.* at 105.

At the time the trial court granted defendant's motion for a new trial in this case, plaintiff was already in possession of the premises at issue. If a new trial were held, at that trial, plaintiff would be seeking something it already had, possession of the premises. Accordingly, the issues presented by plaintiff's forcible entry and detainer action were moot at the time defendant moved for a new trial and its motion should have been denied on that ground.

Defendant has argued to this court that this matter was not moot when the trial court granted its motion for a new trial for five different reasons. None of those reasons, however, is convincing.

Defendant has first argued that the writ of possession that was issued on February 9, 1993, was defective because the trial court's ruling on February 4, 1993, was not final and because the writ was not signed by the judge of the trial court. Assuming both these arguments to be correct, neither would result in a conclusion that the forcible entry and detainer aspect of this matter did not become moot when defendant vacated the premises and failed to retake possession pursuant to a stay. It was the fact that plaintiff had possession of the premises at issue at the time defendant's motion for a new trial was granted, rather than the manner in which plaintiff got possession, that rendered its forcible entry and detainer action moot. Although alleged flaws in the writ of possession may have served as a basis for reversal on appeal of a properly stayed judgment, any such flaws did not prevent plaintiff's forcible entry and detainer claim from becoming moot upon its gaining possession of the premises at issue.

Defendant's second argument is stated as follows in its brief:

"If this court were to hold that the question of who is entitled to possession is rendered moot by reason of the fact that [defendant] has been put out of possession, then it would in effect be holding that whoever is in possession at the time is entitled to remain in possession, solely because he is and regardless of how he came to be in possession. In order to be consistent with that theory, this court would then have to likewise find that the question of who was entitled to possession would also be moot if the trial court had initially ruled against [plaintiff] and [defendant] was still in possession of the premises. The logical extension of the theory would then be that a party not in possession of a premises could never successfully appeal a decision denying or ousting the party from possession, because at the time of the appeal the party was out of possession."

The flaw in this argument is that it fails to recognize the different roles of a plaintiff and a defendant in a forcible entry and detainer action. Such an action is brought by a plaintiff out of possession for the purposes of ousting a

defendant in possession and having the premises delivered to the plaintiff. If the plaintiff is unsuccessful at the trial court level and appeals seeking a new trial, the matter is not moot because, if a new trial is granted, the plaintiff will still be out of possession at the time of that new trial and will still be seeking to have the defendant ousted and the premises delivered to the plaintiff. Similarly, if a plaintiff is successful at the trial court level and the defendant obtains a stay, either preventing execution of a writ of restitution or, pursuant to R.C. 1923.14, placing it back in possession during the pendency of the appeal, if a new trial is granted, the plaintiff will be out of possession at the time of that new trial and will be seeking to have the defendant ousted and the premises delivered to the plaintiff. It is only when a plaintiff is successful and defendant does not obtain a stay preventing its ouster and the return of the premises to the plaintiff that the issues are rendered moot.

Defendant's third argument is that this matter is not moot because defendant is seeking, or will be seeking, possession of the premises in the trial court. R.C. 1923.01, however, provides a trial court with jurisdiction in forcible entry and detainer actions to "cause the plaintiff in an action under this chapter to have restitution of the lands or tenements." It does not provide jurisdiction to place a defendant who is out of possession into possession. Accordingly, the trial court would be without jurisdiction in this matter to oust plaintiff from possession of the premises and restore those premises to defendant.[3] Regardless of whether defendant is seeking, or will be seeking, possession of the premises, the trial court would be without jurisdiction to grant it that relief. Defendant's claimed desire to regain possession of the premises, therefore, did not prevent the forcible entry and detainer aspect of this matter from being moot at the time the trial court granted defendant's motion for a new trial.

Defendant's fourth argument is that the question of whether it is entitled to possession of the premises is "relevant to the counterclaims which [it] has filed in the trial court * * *." Any such relevance, however, did not save the forcible entry and detainer action from becoming moot upon defendant's vacating

---

3. R.C. 1923.14 does provide that a sheriff, police officer, constable, or bailiff shall place a defendant back in possession of premises in the limited circumstance when that defendant obtains a stay pending appeal after execution of a writ of restitution. As noted previously, defendant initially obtained an order that the premises should be restored to it pending appeal in this case. Inasmuch as R.C. 1923.14 specifically provides that relief pursuant to that section may only be obtained "following the filing of the appeal," however, the trial court dissolved that order. The power provided by R.C. 1923.14 to place a defendant back in possession of premises pending appeal would not permit the trial court to place defendant back in possession following the new trial it ordered in this case. R.C. 1923.14, therefore, does not support defendant's position that this matter was not moot at the time the trial court granted its motion for a new trial.

the premises. Potential relevance to other possible claims between the parties to a lawsuit would never prevent issues in a particular case from becoming moot when all the relief requested in that case has been recovered. This is doubly true in regard to forcible entry and detainer actions because, pursuant to R.C. 1923.03, a judgment in a forcible entry and detainer action is not a bar to later actions brought by either party.

Defendant's final argument is that a conclusion that this matter was moot at the time the trial court granted its motion for a new trial would "require this court to usurp the trial court of the authority granted to it under Civ.R. 54(B) * * * [to] 'change, modify or revise such judgment at any time before it enters judgment as to any remaining claims.'" Civ.R. 54(B), however, is not applicable to forcible entry and detainer actions. *Cuyahoga Metro. Hous. Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 132, 21 O.O.3d 81, 83–84, 423 N.E.2d 177, 179. A judgment entry giving or denying a landlord possession of premises is final (and immediately appealable), regardless of whether other claims between the parties remain to be determined by the trial court. Civ.R. 54(B) has no relevance to the issue of whether the forcible entry and detainer aspect of this case was moot prior to the time the trial court granted defendant's motion for a new trial.

Inasmuch as plaintiff had possession of the premises at issue prior to the time the trial court granted defendant's motion for a new trial, the forcible entry and detainer aspect of this case had become moot and that motion should have been denied. Accordingly, the trial court's judgment granting defendant's motion for a new trial must be reversed.

### III

The trial court's order granting a new trial for the forcible entry and detainer aspect of this matter is reversed. Plaintiff's assignments of error are overruled as moot, and this matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE, P.J., and QUILLIN, J., concur.