RECK et al., Appellees,

v.

WHALEN, Appellant.

[Cite as *Reck v. Whalen* (1996), 114 Ohio App.3d 16.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 95–CA–66.

Decided Sept. 13, 1996.

*Jose M. Lopez*, for appellees.

*Rural Legal Aid Society* and *Melissa K. Rocci*, for appellant.

FAIN, Judge.

Defendant-appellant Shawnda Whalen appeals from an order evicting her from premises owned by plaintiffs-appellees Robert J. and Sue Reck. Whalen contends that the trial court erred by failing to notify her as to the time and place of the trial on the forcible entry and detainer, the trial court erred by retaining the forcible entry and detainer action while transferring her counterclaim to the Miami County Common Pleas Court, and the trial court erred by ignoring her defense that the landlord had accepted partial payment of future rent.

In our view, the issues raised in this appeal are moot, by reason of the fact that Whalen was removed from the premises as a result of an independent judicial proceeding. Accordingly, this appeal is dismissed.

I

In June 1995, Whalen rented premises from the Recks. According to Whalen, Mr. Reck had promised to dispose of large quantities of waste found on the premises, including a septic tank found when the Whalens were cutting down weeds, which was overflowing with sewage. According to Whalen's husband, he complained to Mr. Reck about the conditions every time he saw Mr. Reck, which was at least once a month to pay the rent.

A provision in the lease was that "[i]f a dog or cat is found in the house, there will be a $50.00 per month in your monthly rent." In September 1995, a

controversy arose concerning this provision. The Recks contended that the provision was applicable, the Whalens contended that it was not. During the conversation in which this controversy arose, Mr. Whalen again complained of the sewage system and solid waste. Mr. Reck did not indicate that he was going to remedy the situation, and Mr. Whalen contacted the Miami County Health Department. Robert D. Wolfe, an inspector for the Miami County Health Department, contacted Mr. Reck about the Whalens' complaint. Immediately following this conversation, Reck served a notice to vacate upon the Whalens.

In his testimony, Wolfe referred to a conversation in June 1994, with Mr. Reck, in which Reck indicated that it was his policy to evict tenants who contact the health department about a problem. That testimony is as follows:

"A. This was, I believe, this was back in June of 1994 from the best that I can tell from my documentation. He told me at a time when I was looking at another one of his rental properties—this was a trailer I believe on Main Street in Bradford there. He has told me that while reinspecting this rental property that whenever—that whenever one of his tenants contacts the Health Department about a problem, he will evict them.

"Q. O.K. Do you—to your knowledge, how many tenants have complained to your office were subsequently evicted by Mr. Reck?

"A. You know, I don't—we don't check back on as a Health Department to see if the tenants have been evicted, but—

"Q. Well, you just—

"A. When I ask the tenants if they're there when I reinspect the property if they have been evicted, at least two of them have told me that.

"Q. That what?

"A. That they have been evicted.

"Q. O.K. Why do you—you testified earlier that you instruct tenants who complain to you, and they're Mr. Reck's tenants, you instruct them that they may be evicted. Why do you instruct them of that?

"A. Because just of this past history that I have drawn as an employee of the Health Department. I believe it's my civil duty, if you will, just to tell them or make them aware of any problems that I can foresee them having, so."

Following a hearing at which Whalen participated and presented testimony in her behalf, the trial court entered a writ of restitution of the premises. From the order evicting her, Whalen appeals.

## II

Whalen asserts the following three assignments of error:

"The trial court erred to the prejudice of appellant in failing to notify the defendant as to the time and place of trial of the forcible entry and detainer hearing.

"The trial court erred to the prejudice of appellant by failing to certify the entire case to the common pleas court.

"The trial court erred to the prejudice of appellant in granting the writ of restitution."

In our view, the issues raised in this appeal, while interesting, are moot.

■ The Recks previously moved to dismiss this appeal. We denied the motion to dismiss in a decision and entry that expressed no reasoning concerning the motion to dismiss. (The entry also concerned a motion to dissolve a pending use and occupancy bond.) In her response to the Recks' motion to dismiss, Whalen acknowledged that the Recks had been "successful in a second eviction action against appellant." Thus, the very relief sought by the Recks in the action that is the subject of this appeal, restitution of the premises, has already been received by them as a result of an independent judicial proceeding. Therefore, even if we were to find one or more of Whalen's assignments of error to be meritorious, we would be without the power to provide her meaningful relief because she has been evicted from the premises as a result of a judicial order that is not the subject of this appeal. See *Gelfand v. Stys* (1929), 7 Ohio Law Abs. 105.

■ In arguing that this appeal is not moot, Whalen contends that unless she obtains relief in this appeal, her pending counterclaim of retaliatory eviction will be prejudiced as a result of findings made by the trial court in the order from which this appeal is taken. In our view, she will not be so prejudiced. As the Recks note in their brief, in providing a fast, effective relief for landlords seeking restitution of premises, R.C. 1923.03 provides as follows:

"Judgments under this chapter are not a bar to a later action brought by either party."

In our view, this fully protects Whalen in her counterclaim against the Recks pending in the Miami County Common Pleas Court from the application of the doctrines of *res judicata* or collateral estoppel to bar or preclude her claims asserted in that action.

■ Whalen expresses the concern that the finding of the trial court in the eviction action, that there was no retaliatory eviction, will operate to bar her

claim of retaliatory eviction in the pending proceeding in the Miami County Common Pleas Court. In our view, her concern is not justified. The trial court made no express finding whether there was a retaliatory eviction in this case. In our view, the defense of retaliatory eviction, in a forcible entry and detainer action, is in the nature of an equitable defense, rather than an absolute defense. It is a defense that, if established, may be weighed along with all the other equitable circumstances in determining whether to issue a writ of restitution. We can imagine, for example, that where a tenant has completely failed to pay any rent, despite frequent and urgent pleas by the landlord over a period of several months, and the deadbeat tenant were then to contact the health department, concerning a real or imagined problem, resulting in the landlord's determination that he is no longer willing to forbear eviction proceedings for nonpayment of rent, a trial court might find that although the complaint to the health department had provided some part of the landlord's decision to seek eviction, it ought not to bar the eviction. In our view, the General Assembly has wisely decided that the outcome of eviction proceedings ought not to operate as a bar to other claims that either party may have against the other.

Accordingly, all of Whalen's assignments of error are overruled as moot.

### III

All of Whalen's assignments of error having been overruled as moot, we dismiss this appeal.

*Appeal dismissed.*

WOLFF and GRADY, JJ., concur.