OPINION
{¶ 1} Appellants David and Deborah MacDonald appeal from the Municipal Court of Crawford County decision in a Forcible Entry and Detainer action granting Appellees Ken and Teri Long restitution of the property at 322 East Charles Street, Bucyrus, Ohio to the Appellees.
 {¶ 2} Appellants present several assignments of error arguing that a reversal of the trial court's decision is warranted; however, during the interim between the trial court proceedings and the appellate proceedings before this court, Appellants vacated the apartment leased from the appellees. Because forcible entry and detainer actions only determine the right to immediate possession of the property, Appellants' appeal has been rendered moot. Therefore, we may not reach the merits of Appellants' claims and must dismiss the appeal.
 {¶ 3} The facts leading to this appeal are as follows. On March 1, 2000, Appellants David and Deborah MacDonald signed an agreement whereby they would lease one side of a duplex at 322 East Charles Street, Bucyrus, Ohio from Appellees Ken and Teri Long on a month-to-month basis for $335.00 per month. Appellants are brother and sister and are both physically and mentally disabled. Appellees are husband and wife. According to the terms of the lease agreement, the rent was to be paid by cashier's check or money order on the third day of the month to the mail slot at 423 W. Mansfield Street. Some time during the course of the lease, the parties orally agreed to increase the rent to $370.00 per month.
 {¶ 4} On September 14, 2001, the parties signed a hand written amendment to the lease agreement stating that the rent would now be due on the first day of the month. Additionally, the amendment stated that the rent must be paid pursuant to the original lease. Prior to this, the MacDonalds had been depositing the monthly rent in the Longs' bank account pursuant to a verbal agreement. Despite the September 14, 2001 amendment, the MacDonalds continued to pay their rent by depositing it in to the Longs' bank account. According to the MacDonalds, they were concerned with the Longs' unwillingness to provide them with a receipt for their payment and furthermore claimed to not know where to deliver the payment.
 {¶ 5} On or about December 27, 2001, the Longs served the MacDonalds with a thirty-day notice of termination of tenancy. On January 2, 2002, David MacDonald personally tendered the January rent payment to Ken Long who refused to accept the payment because it was late. Consequently, on January 4, 2002 a Crawford County Deputy Sheriff served the MacDonalds with a three-day notice to vacate for non-payment of rent. On January 14, 2002, the Longs initiated a Forcible Entry and Detainer action against the MacDonalds. On March 13, 2002 the MacDonalds filed a motion to dismiss the action pursuant to Civ.R. 12(b)(6). On March 18, 2002, the Crawford County Municipal Court denied the MacDonalds' motion and proceeded to conduct a hearing on the Forcible Entry and Detainer action.
 {¶ 6} At the conclusion of the hearing, Appellants' counsel moved for a dismissal pursuant to Civ.R. 41(B)(2) arguing that the MacDonalds tendered the January rent and therefore the Appellees' action for non-payment could not stand. Appellants argued additionally and in the alternative that service of the three-day notice to vacate for non-payment of rent was improper. In an April 4, 2002 judgment entry the trial court denied the Appellants' motion concluding that the Longs' were entitled to a writ of restitution of the property and an order for possession of the property. The trial court based its decision on the MacDonalds' failure to tender a rent payment on January 1, 2002 and further held that the three-day notice to vacate for non-payment of rent was lawfully served by the deputy sheriff.
 {¶ 7} Following this judgment, Appellants filed a Motion for a Stay of Proceedings to Enforce Judgment which was denied. On appeal of that denial, this court granted a Stay of Proceedings to Enforce Judgment with the condition that the Appellants post a $2,500 surety bond. Additionally, Appellants filed this appeal asserting six assignments of error for our review. Appellees, in turn, filed a Motion to Dismiss Appeal accompanied by an affidavit sworn by Ken Long stating that the MacDonalds and their personal belongings were removed from 322 East Charles Street on July 26, 2002. Thus, argue Appellees, this action is now moot. For the following reasons, we find Appellees' argument to be well taken.
 {¶ 8} Forcible entry and detainer actions decide the right to immediate possession of property and nothing else. Seventh Urban, Inc.v. University Circle (1981), 67 Ohio St.2d 19, 25, fn. 11, 423 N.E.2d 1070. "The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate." Cuyahoga Metro. Hous. Auth. v. Jackson (1981),67 Ohio St.2d 129,423 N.E.2d 177 (superceded on other grounds by statute as stated in Miele v. Ribovich, 90 Ohio St.3d 439, 739 N.E.2d 333,2000-Ohio-193) Once a landlord has been restored to property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted. RLJ Management Co., Inc. v. Larry Baldwin, Crawford App. No. 3-01-16, 2001 WL 1613014, 2001-Ohio-2337; Reck v. Whalen (1996),114 Ohio App.3d 16, 682 N.E.2d 721. Pursuant to R.C. 1923.03, a judgment in a forcible entry and detainer action would not, however, bar later actions brought by either party. Crossings Dev. Ltd. Partnership v.H.O.T., Inc.(1994), 96 Ohio App.3d 475, 645 N.E.2d 159.
 {¶ 9} Appellants appeared before this court at oral argument and insisted that their cause was not moot because forcible entry and detainer actions do not become moot when a tenant vacates the property based solely on a court order. However, the law does not support such a statement for it is not the voluntary nature of the departure that renders an appeal from a forcible entry and detainer action moot, but rather the fact that there is no relief left to be granted. CrossingsDev. Ltd. v. H.O.T., Inc. (1994), 96 Ohio App.3d at 480. The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C. 1923.14 The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by seeking a stay of execution in the trial court and post whatever bond the trial court requires. If a defendant fails to avail himself of that remedy, all issues relating to the action are rendered moot by his eviction from the premises. See Crossings Dev. Ltd. Partnership v.H.O.T., Inc. (1994), 96 Ohio App.3d at 481. Inasmuch as the appellants have failed to post that surety bond and have given up possession of the premises, we have no choice but to find the cause moot.
 {¶ 10} Appellant further requested that even if we were to find the cause moot, that we consider the merits of the action based on well-established exceptions to the mootness doctrine. Two exceptions to the mootness doctrine exist. The first is that "[a] case is not moot if the issues are capable of repetition, yet evading review." In reSuspension of Huffer from Circleville High School (1989), 47 Ohio St.3d 12,546 N.E.2d 1308, paragraph one of the syllabus. This situation is limited to exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. State ex rel. Calvary v. Upper Arlington (2000),89 Ohio St.3d 229, 231, 2001-Ohio-142 (citations omitted). The second exception to the mootness doctrine is where the case "involves a matter of public or great general interest." Huffer, 47 Ohio St.3d at 14,546 N.E.2d 1308. We do not find either exception to be present in the current matter.
 {¶ 11} Accordingly, because this court is without power to effectuate any meaningful relief, we may not reach the merits of Appellants' claims; therefore, we dismiss the appeal.
Appeal dismissed.
SHAW, P.J., and HADLEY, J., concur.