This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Patricia French, appeals from the judgment of the Medina County Court of Common Pleas, Probate Division, that granted the motion for summary judgment of Appellee, Axel Tripp, executor of the estate of Willi Tripp. We affirm.
 {¶ 2} On December 12, 2000, Appellee filed a complaint against Appellant in the Medina Municipal Court. Appellant filed an answer and counterclaim, along with a motion to certify the counterclaim to the Medina County Court of Common Pleas, on February 9, 2001. The case was transferred to the Medina County Court of Common Pleas, Probate Division, on February 15, 2001. On April 27, 2001, the Appellee filed a motion for leave to plead, which the court subsequently granted. Appellee then filed a response on June 22, 2001.
 {¶ 3} A pretrial was held on August 22, 2001, and the court set November 19, 2001, as the date dispositive motions were due. On November 19, 2001, Appellee filed a motion for extension of time within which to file for summary judgment. The court granted Appellee's motion. Thereafter, on November 29, 2001, Appellee filed a motion for summary judgment on Appellant's counterclaims. Appellant filed a response and motion for partial summary judgment. Summary judgment was granted to Appellee on December 28, 2001. On February 21, 2002, the trial judge ordered that a writ of restitution be executed. Appellant vacated the premises and Appellee gained possession. Appellant timely appealed raising four assignments of error. For ease of review, assignments of error one and two will be addressed jointly.
 ASSIGNMENT OF ERROR I {¶ 4} "The court erred in granting summary judgment to Appellee since the trial court lacked jurisdiction to entertain the forcible entry and detainer action."
 ASSIGNMENT OF ERROR II {¶ 5} "The court erred in failing to rule on the merits of Appellant's motion to dismiss the forcible entry and detainer action for want of jurisdiction, the notice to Appellant being clearly insufficient to give the court jurisdiction over that action."
 {¶ 6} In her first and second assignments of error, Appellant maintains that the trial court erred in granting summary judgment because the court lacked jurisdiction to entertain the forcible entry and detainer action. Specifically, Appellant argues that the notice she received, pursuant to R.C. 1923.04(A), was insufficient and that Appellee subsequently waived the three-day notice. For the reasons provided below, we find the forcible entry and detainer issues of this case moot and affirm on that basis.
 {¶ 7} The Ohio Supreme Court has stated that forcible entry and detainer actions decide the right to immediate possession of property and "nothing else." Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.
(1981), 67 Ohio St.2d 19, 25, n. 11. "Once a landlord has been restored to property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted to the landlord." United States Secy. of Hous. andUrban Dev. v. Chancellor (Feb. 25, 1999), 8th Dist. No. 73970. SeeCrossings Dev. Ltd. Partnership v. H.O.T., Inc. (1994), 96 Ohio App.3d 475,479-80; Reck v. Whalen (1996), 114 Ohio App.3d 16, 19. Therefore, a tenant's vacation of the premises renders all the issues in regards to a forcible entry and detainer action moot. United States Secy. of Hous. andUrban Dev., supra. See Crossings Dev. Ltd. Partnership,96 Ohio App.3d at 480; Alex-Bell Oxford Ltd. Partnership v. Woods (June 5, 1998), 2nd Dist. No. 16038. "[W]hen a plaintiff is successful and defendant does not obtain a stay preventing its ouster and the return of the premises to the plaintiff * * * the issues are rendered moot." Crossings Dev. Ltd.Partnership, 96 Ohio App.3d at 481.
 {¶ 8} A defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness through the process outlined in R.C. 1923.14. Alex-Bell Oxford Ltd. Partnership, supra. However, if a defendant fails to comply with the process, all issues relating to forcible entry and detainer are rendered moot by his eviction from the premises. See Crossings Dev. Ltd. Partnership, 96 Ohio App.3d at 481.
 {¶ 9} In the instant case, notwithstanding the fact that the trial court granted summary judgment in favor of Appellee, even though Appellee did not file a motion for summary judgment pertaining to the eviction matters, the issue is moot. Appellant did not seek the remedy provided under the statute and instead vacated the premises as ordered. Inasmuch as Appellee currently has possession of the premises at issue, the forcible entry and detainer aspect of this case has become moot. SeeCrossings Dev. Ltd. Partnership, 96 Ohio App.3d at 482. Accordingly, Appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III {¶ 10} "The court erred in finding that, as a matter of law, Appellant has no recognizable legal interest in the real property."
 {¶ 11} In her third assignment of error, Appellant asserts that the trial court erred by granting summary judgment in favor of Appellee. Appellant maintains that she has a legally recognizable interest in the subject real property. Appellant's assignment of error is not well taken.
 {¶ 12} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews the trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. at 293. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher,75 Ohio St.3d at 293.
 {¶ 14} Construing the evidence most strongly in favor of Appellant, we find that the document submitted, titled "marriage proposal contract," cannot reasonably be construed as satisfying R.C. 1335.04 or1335.05. Additionally, the property was titled solely in the decedent's name.
 {¶ 15} R.C. 1335.04 provides that: "[n]o lease, estate, or interest, * * * in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by theparty assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law." (Emphasis added.) Furthermore, R.C. 1335.05 states in pertinent part: "[n]o action shall be brought whereby to charge the defendant, upon a special promise, * * * made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, * * *; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party tobe charged therewith[.]" (Emphasis added.)
 {¶ 16} To enforce either an agreement in consideration of marriage or an agreement upon an interest in land, Ohio statutory law clearly requires that there be a writing or memorandum that is signed by the person to be charged. Appellant bases her alleged interest in the real property on a "marriage proposal contract" purportedly written by the decedent. The "contract's" terms require the decedent to provide and love for Appellant and to title a new house in both his and her names if Appellant and the decedent enter into a marital relationship. However, this "marriage proposal contract" submitted by Appellant does not contain the signature of the decedent, the person to be charged. Moreover, the parties were never married, and therefore the condition precedent to the formation of the contract was not satisfied.
 {¶ 17} Additionally, Appellant argues that "[a]n oral contract to deed property is recognized in Ohio and is actionable." She asserts that partial performance of the contract removes the matter from the statute of frauds. However, the Ohio Supreme Court has stated that "[t]he doctrine of part performance can be invoked, to take a case out of the statute of frauds in Ohio only in cases involving the sale or leasing of real estate, wherein there has been a delivery of possession of the real estate in question, and in settlements made upon consideration of marriage, followed by actual marriage." Hodges v. Ettinger (1934),127 Ohio St. 460, syllabus. In this case, Appellant admits that she and decedent were never married. Furthermore, there was no sale or leasing of the subject real estate. Accordingly, part performance cannot be invoked by Appellant to remove the contract from the statute of frauds.
 {¶ 18} As the requirements of part performance have not been satisfied and because there is no signed writing conveying an interest of land, Appellant did not present "specific facts showing that there is a genuine issue for trial." Dresher, 75 Ohio St.3d at 293. We cannot conclude that a genuine issue of material fact, in regards to Appellant's claimed interest in the real property, remains to be litigated.
 {¶ 19} Accordingly, the trial court did not err in granting Appellee's motion for summary judgment. Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV {¶ 20} "The court erred in finding that, as to Counts I, IV, and V, Appellant could not prevail as a matter of law."
 {¶ 21} In her fourth assignment of error, Appellant asserts that the trial court improperly granted Appellee's motion for summary judgment in regards to Appellant's counterclaims for the setting aside of decedent's will, slander of reputation, and intentional infliction of emotional distress. However, Appellant has failed to cite to any legal authority that would support this assignment of error.
 {¶ 22} "An appellant bears the burden of affirmatively demonstrating error on appeal." Hutchison v. Henderson, 9th Dist. No. 20862, 2002-Ohio-4521, at ¶ 39, quoting In re Hiltabidel, 9th Dist. No. 21009, 2002-Ohio-3627, at ¶ 58. An appellant's brief must contain argument and law, "with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." State v. Clifford, 9th Dist. No. 20871, 2002-Ohio-4531, at ¶ 15, quoting Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18.
 {¶ 23} As Appellant has failed to cite to any legal authority that would support her fourth assignment of error, we shall disregard this alleged error. See App.R. 16(A)(7). Accordingly, this Court will not address Appellant's fourth assignment of error.
 {¶ 24} Appellant's assignments of error are overruled. The decision of the Medina County Court of Common Pleas, Probate Division, is affirmed.
CARR, J., BATCHELDER, J. CONCUR.