DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Tao Shu Chu, Ding Shu Chu, John C. Chu, Tony Chu, Niranjan Patel, Gita Patel, Ashwin Patel, Ramesh Khatri, Sunil Patel, and Rajami, Inc., appeal from the judgment of the Lorain County Court of Common Pleas that granted the motion of summary judgment of Appellees, Robert Goldstein ("Goldstein") and David Wiersma ("Wiersma"),[1] and denied their motion for judgment on the pleadings. We affirm.
 {¶ 2} On September 20, 2001, Goldstein filed an action for forcible entry and detainer against Appellants. He later amended his complaint and added Wiersma as a plaintiff and also sought to quiet title against Appellants. Thereafter, Niranjan Patel, Gita Patel, Ashwin Patel, Ramesh Khatri, Sunil Patel, and Rajami, Inc. moved for judgment on the pleadings. Tao Shu Chu, Ding Shu Chu, John C. Chu, Tony Chu later "join[ed] in" this motion for judgment on the pleadings. Appellees responded to the motion for judgment on the pleadings and also moved for summary judgment. The trial court granted Appellees' motion for summary judgment and denied Appellants' motion for judgment on the pleadings. Further, the trial court awarded Appellees a writ of restitution, quieted title as to Appellants, and ordered Appellants to vacate the premises. Appellants now timely appeal and raise two assignments of error for review.
 ASSIGNMENT OF ERROR I
"The trial court erred in denying Appellants' motions for judgment on the pleadings pursuant to [Civ.R. 12(C)]."
 ASSIGNMENT OF ERROR II
"The trial court erred in granting Appellees' motion for summary judgment."
 {¶ 3} In their first assignment of error, Appellants aver that the trial court erroneously denied their motions for judgment on the pleadings. In particular, Appellants have enumerated three bases to support this assignment of error: (1) Appellees failed to properly allege compliance with a default provision of the lease agreement, namely, the notice requirement; (2) Appellees failed to establish that Ashwin Patel was a lessee and, therefore, entitled to notice; and (3) the trial court did not limit its review to solely the pleadings, but rather considered additional documents and materials to render its decision. In their second assignment of error, Appellants contend that the trial court improperly granted summary judgment in favor of Appellees. Specifically, Appellants contend that a genuine issue of material fact exists as to whether Appellees provided notice of default in accordance with the provisions of the lease agreement and whether the notice, if proper, was given to the correct party. For the reasons set forth below, we find the issues of this appeal moot and affirm on that basis.
 {¶ 4} A forcible entry and detainer action decides the right to immediate possession of property and "nothing else." Seventh Urban, Inc.v. Univ. Circle Property Dev., Inc. (1981), 67 Ohio St.2d 19, 25, fn. 11. Once the landowner has been restored to his property, the forcible entry and detainer action becomes moot because there is no further relief that may be granted to the landowner. United States Secy. of Hous. andUrban Dev. v. Chancellor (Feb. 25, 1999), 8th Dist. No. 73970. Further, "when a plaintiff is successful and defendant does not obtain a stay preventing its ouster and the return of the premises to the plaintiff * * * the issues are rendered moot." Crossings Dev. Ltd. Partnership v.H.O.T., Inc. (1994), 96 Ohio App.3d 475, 481. A defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond. See R.C. 1923.14; Civ.R. 62; Tripp v. French, 9th Dist. No. 02CA0004-M,2002-Ohio-6996, at ¶ 8; Blosser v. Bowman (May 1, 2001), 10th Dist. No. 00AP-1140; Alex-Bell Oxford Ltd. Partnership v. Woods (June 5, 1998), 2nd Dist. No. 16038. However, if a defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot. See Tripp at ¶ 8.
 {¶ 5} In the instant appeal, the record reveals that Appellants did not move for a stay of execution and/or post a supersedeas bond. As such, the court and Appellees were permitted to proceed to execute the writ of restitution and quiet the title. See Hagood v. Gail (1995),105 Ohio App.3d 780, 785 (stating that if an appellant neglects to obtain a stay, the nonappealing party has the "right to initiate proceedings in aid of the execution of a judgment"); Alan v. Burns, 9th Dist. No. 3271-M, 2002-Ohio-7313, at ¶ 7. Inasmuch as Appellees currently have possession of the premises at issue and quieted the title by filing the requisite documents with the Lorain County Recorder's Office, the issues raised by this appeal are moot. See Crossings Dev. Ltd. Partnership,96 Ohio App.3d at 482; Alan at ¶ 4 (satisfying the judgment ends the controversy and renders an appeal moot). Therefore, Appellants' first and second assignments of error are overruled.
 {¶ 6} Appellants' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
CARR, J., BATCHELDER, J. CONCUR
[1] David Wiersma serves as the ancillary administrator of the Estate of Arthur C. Goldstein.