OPINION
{¶ 1} Appellant, First Realty Property Management, Ltd., appeals the July 1, 2003 judgment entry of the Portage County Municipal Court, Ravenna Division, in which the trial court ruled that he improperly executed a writ of restitution.
 {¶ 2} On December 9, 2002, appellant filed a forcible entry and detainer complaint against appellee, William Smith, for unpaid rent and possession of the premises, which was located in Valley Hills Mobile Home Park ("the park"). An eviction hearing was scheduled for January 3, 2003. Prior to the hearing, appellant indicated that it would not evict appellee if appellee accepted appellant's payment plan for catching up on delinquent rent. Appellee admitted that that was the agreement. The court then stated that a writ of restitution was to be issued against appellee unless appellee made all of the payments. The court further ruled that if any of those payments were not made, the writ could be executed immediately, but no writ was issued that day.
 {¶ 3} On February 12, 2003, Richard Walker ("Walker"), the park manager, filed a precipe with the clerk of courts to issue a writ of restitution. There was no sworn statement to support Walker's claim. On that same date, the trial judge issued a writ directed to the sheriff, which stated, in part:
 {¶ 4} "* * * Judgment was rendered on 91/08/2003 [sic], that [appellant] have restitution of said premises; and also that he recover costs.
 {¶ 5} "You therefore are hereby commanded to cause [appellee] to be forthwith removed from said premises, and the said [appellant] to have restitution of the same; also that you levy on the goods and chattels of said [appellee], and make the costs aforesaid, and all accruing costs; and of this writ legal service and due return."
 {¶ 6} On March 31, 2003, appellee filed a "Notice of Dispute and Request for Hearing" asking for the trial court to stay execution of the writ pending a hearing on his allegations that the parties orally modified the payment plan. A hearing was held on May 15, 2003, but no order was entered staying execution of the writ.[1]
 {¶ 7} The evidence revealed that appellee purchased a new mobile home in 1995, for around $37,000. It was placed on a lot in the park. Appellee paid the park rent on time every month until he got laid off from work, which resulted in an eviction action being filed against him. A payment plan was set up, and prior to the hearing, there was a stipulation that appellee made two of the four payments in a timely fashion. Appellee testified that a few days before the third payment was due, the plumbing in the mobile home froze and filled the toilet and bathtub with feces.
 {¶ 8} Appellee received an estimate from Roto Rooter for $1,200. Walker admitted that before February 7, 2003, appellee showed him the estimate. According to appellee, Walker recommended a different plumber, who reduced the bill by half.[2] Appellee indicated that on January 24, 2003, he made a three hundred dollar cash payment to Walker's wife to give to the plumber to start work. Appellee stated that he was going to apply this money toward his third payment, but Walker told him to use the money to pay the plumber. Appellee declared that Walker said "we'll work with you." Appellee explained that he planned to pay the third installment two weeks early so he would not get behind on his payments. Appellee testified that Walker's verbal statement was a modification of the original contract, and that he relied on it.
 {¶ 9} Walker stated that on February 7, appellee wanted to pay two hundred dollars toward his three hundred dollar payment. However, appellee claimed that he attempted to make a two hundred fifty dollar payment. Nonetheless, appellee indicated that he called Walker's wife to make the payment, and she said to call back. When appellee finally spoke with Walker and told Walker that he was short on the rent, Walker "basically didn't say anything * * *." The following day, appellee withdrew fifty dollars on a company credit card. He went into Walker's office and asked if everything was going to be alright. At that point, Walker told appellee that he had planned to go forward with the writ of restitution. Appellee said that he pleaded with Walker to no avail, and that he then determined that there was no sense making the payment since he was going to be evicted.
 {¶ 10} Walker further indicated that he pulled a relocation permit on March 25, 2003, to have the mobile home relocated. Appellee packed up his belongings and moved his family into a homeless shelter. Appellee tried to keep appellant from removing his mobile home from the park. The mobile home was taken to an empty lot in the park, and the lot it was originally on was rented to another tenant. Meanwhile, appellee and his family moved into a motel.
 {¶ 11} On July 1, 2003, the trial court found that appellant improperly evicted appellee and ordered the matter to be set for a hearing on damages. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 12} "[1.] The trial court erred by reconsidering appellant's right of possession more than six weeks after appellant executed the writ of restitution.
 {¶ 13} "[2.] The trial court erred when it construed appellee's notice as a counterclaim and held [appellant] liable for improperly executing the writ of restitution."
 {¶ 14} Since appellant's assignments of error are interrelated, they will be addressed in a consolidated manner. In the first assignment of error, appellant claims that the trial court erred by reconsidering appellant's right of possession six weeks after the writ of restitution was executed. For the second assignment of error, appellant alleges that the trial court erred when it held that appellant improperly executed the writ of restitution.
 {¶ 15} Preliminarily, we note that even though the pleading was labeled as a "Notice of Dispute and Request for Hearing," and the trial court treated it as an answer and counterclaim, based on the record before us, it is our view that the substantive thrust of appellee's submission would be better identified as a Civ.R. 60(B) exercise.
 {¶ 16} In order to succeed on a Civ.R. 60(B) motion, the movant must demonstrate that: 1) he has a meritorious defense or claim if relief were granted; 2) he is entitled to relief under Civ.R. 60(B)(1), (2), (3), (4) or (5); and 3) the motion is made within a reasonable time, not to exceed one year where the grounds for relief are Civ.R. 60(B)(1), (2) or (3). GTEAutomatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 150-151. As a remedial rule, Civ.R. 60(B) is to be liberally construed. Colley v. Bazell
(1980), 64 Ohio St.2d 243, 248. In the case at hand, it appears that appellee met his burden of satisfying GTE in terms of demonstrating that he had a meritorious defense, that he was entitled to relief under Civ.R. 60(B)(5), and by showing that the motion was filed within a reasonable amount of time.
 {¶ 17} In addition, for purposes of this appeal, we note that R.C. 1923.01(A) provides that "* * * [i]f, upon the inquiry, it is found that an unlawful and forcible entry has been made and the lands or tenements are detained, or that, after a lawful entry, lands or tenements are held unlawfully and by force, a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements."
 {¶ 18} Moreover, R.C. 1901.13 states that:
 {¶ 19} "(A) In any action or proceeding of which a municipal court has jurisdiction, the court or any judge of the court has the power to do all of the following:
 {¶ 20} "(1) * * * vacate or modify a judgment, suspend execution of sentence upon filing of notice of appeal * * * and to exercise any other powers that are necessary to give effect to the jurisdiction of the court and to enforce its judgments, orders, or decrees;
 {¶ 21} "(2) Issue any necessary orders in any proceedings before and after judgment * * * for which authority is conferred upon the courts of common pleas or a judge of the court of common pleas; * * *."
 {¶ 22} Here, there was no inquiry leading to a determination that appellee was holding appellant's land unlawfully as mentioned in R.C. 1923.01. Instead, the trial court issued a writ based only on appellant's claim that appellee violated the payment plan. This situation involves a conditional writ of restitution, in which the eviction was conditioned upon appellee breaching a promise.
 {¶ 23} Appellee rented a lot from appellant and placed the mobile home he owned on that lot. However, before appellant removed appellee's home from the lot in the park, appellee requested a hearing to determine whether he had violated the agreement. Since appellee's mobile home was still in the park, the issue is not moot as appellant suggests. Therefore, the trial court had jurisdiction to enforce the order under R.C. 1901.13.
 {¶ 24} In addition, R.C. 3733.15 declares that certain terms are illegal per se in any rental agreement between a park operator and residents. Therefore, it is our position that the primary issues here are to be addressed in the spirit of the legislative intent manifested in R.C. 3733.01, which was developed because of the abuses committed by mobile home park owners. Pursuant to R.C. 3733.01(P), a rental agreement is defined as "any agreement or lease, written or oral, that establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties." (Emphasis added.)
 {¶ 25} The trial court is in the best position to view the witnesses and observe their demeanor, gestures, and voice inflections in order to assess their credibility and weigh the testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. In the event that the evidence is susceptible to more than one interpretation, a reviewing court must construe it consistently with the trial court's judgment. Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226. A reviewing court must defer matters of witnesses' credibility to the trier of fact.Babka v. Babka (1992), 83 Ohio App.3d 428, 436.
 {¶ 26} In the instant matter, prior to the filing of the forcible entry and detainer action, there was testimony that there was an oral modification to the payment plan agreed to in January 2003. Appellee relied on the oral modification that he was being given an opportunity to repair the damaged plumbing and the payment schedule could be adjusted for that reason. The trial court obviously believed appellee's testimony. Accordingly, it is our view that the trial court did not err in determining that appellee relied on an oral modification from the January 2003 entry and in concluding that the trial court improperly executed the writ of restitution.
 {¶ 27} Furthermore, appellant suggests that appellee had his day in court. However, due process is not satisfied by an ex parte self executing exercise such as the writ that was filed in this matter. Moreover, the cases appellant relies on clearly do not control because the record reveals that the mobile home was owned by appellee, the lot renter. Hence, this case is distinguishable from the cases cited in appellant's brief where the property at issue was not owned by the defendant. For instance, in Crossings Dev. Ltd. Partnership v. H.O.T., Inc.
(1994), 96 Ohio App.3d 475, the appellant leased space to the appellee for a restaurant. After the appellee breached the terms of the lease, the appellant commenced a forcible entry and detainer action. The trial court ruled that the appellant had a right to possession of the premises. The appellee filed a motion for a new trial, which was granted. The appellant appealed, and the Ninth Appellate District held that issues presented by the appellant's forcible entry and detainer action were moot at the time the appellee moved for a new trial, and therefore, the appellee's motion should have been denied. Id. at 482. Appellant's first and second assignments of error are without merit.
 {¶ 28} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
Grendell, J., and Rice, J., concur.
[1] At the hearing, the court styled appellee's pleading as an answer and counterclaim. Even though the pleading itself and the court's designation of it appears to be somewhat unartful, appellant knew what the hearing involved.
[2] The testimony at the hearing revealed that Walker's wife was also his secretary and the recommended plumber was her son. Whether the plumber was also Walker's son is unclear from the record.