OPINION *Page 2 
{¶ 1} Appellant-landlord, Showe Management Corp., appeals the trial court's dismissal of its forcible entry and detainer action for lack of jurisdiction. Appellee, Karen Moore, is the tenant receiving subsidized housing.
 STATEMENT OF FACTS AND CASE {¶ 2} On February 7, 2000, Karen Moore (hereinafter "Moore"), entered into a lease with Showe Management Corporation dba Pataskala Green III Apartments, (hereinafter "Showe Management"). The lease agreement acknowledged Moore was eligible for subsidized housing. Moore was obligated to pay a monthly fee which was less than the market (unsubsidized) rent on the housing. Specifically, the lease stated Moore's monthly rent was being subsidized by the United States Department of Agriculture (USDA) Rural Housing Service.
 {¶ 3} With regard to the payment of rent, Moore's lease agreement stated the rental amount was due "on the first day of the month at the rental office." The lease also stated if the Tenant did not pay the full amount of rent by the close of business hours on the 10th
day of the month, the Landlord could collect a fee of $10.00 on the 11th day of the month. The lease further stated: [the landlord] "reserves the right to refuse payments offered on or after the 11th day of the month," and that the landlord would not accept any late rent payments unless late charges were included. Finally, the lease stated the acceptance of rental payments after the due date would in no manner constitute a waiver of landlord's rights.
 {¶ 4} With regard to the termination of the tenancy, the lease stated that any termination of the lease had to be carried out in accordance with the Rural Housing *Page 3 
Service Regulations, State and Local law, and the terms of the agreement. The lease stated that the Landlord could terminate this agreement for "the Tenant's material noncompliance with the terms of this agreement."
 {¶ 5} The lease defined the term "material non-compliance" in pertinent part as "(1) one or more substantial violations of the lease," "(2) repeated minor violations of the lease," and "(4) nonpayment of rent or any other financial obligation due under the lease beyond any grace period permitted under State law."
 {¶ 6} On March 12, 2007, Showe Management served Moore with a Notice to Leave Premises for nonpayment of rent. In the notice, Showe indicated that appellant had failed to pay her rent on or before March 1, 2007.
 {¶ 7} On March 30, 2007, Showe Management filed a forcible entry and detainer action (FED) against Moore in Licking County Municipal Court, Case Number 07CVG869, for the immediate possession of Moore's residence at 199-C Poff Drive. Showe Management sought restitution of the premises for nonpayment of rent on or before March 1, 2007.
 {¶ 8} On April 13, 2007, Showe Management presented the trial court with an agreed judgment entry signed by both counsel for Showe Management and Moore acting pro se. Pursuant to the agreed judgment entry, restitution of the premises was granted to Showe Management within 31 days. The agreed entry stated in pertinent part, "[d]efendant(s) hereinafter may tender any monies owed to Plaintiff, who may accept same without prejudice to and without waiver of Plaintiff's right to enforce its judgment for restitution granted herein." *Page 4 
 {¶ 9} On April 18, 2007, Moore, by and through counsel, filed a motion to vacate the agreed entry and moved to dismiss the underlying FED action. In the motion, Moore argued that she paid her monthly rent from child support for her two children, which she received sporadically and at different times of the month. Moore argued that, for this reason, her payments were often late and had been repeatedly accepted by agents of Showe Management. Moore argued that, after she was served with the FED complaint, she contacted an agent of Showe Management and was advised that her late rent payment would be accepted in exchange for her signature on a document, i.e. the agreed judgment entry. On April 6, 2007, Moore went to the rental office, paid her late rent for March 2007 with an additional late fee, made a future payment for April 2007, and signed a document. Moore stated she left the office believing the matter was resolved. Moore argued she did not understand that the document was an agreed judgment entry for restitution of the premises. She argued the actions of Showe Management were fraudulent and the judgment of restitution should be vacated.
 {¶ 10} Moore also moved the trial court to dismiss the FED action for lack of jurisdiction. In support, Moore argued that Showe Management's acceptance of future rent payments, i.e. April's payment, after service of the ten day notice to leave the premises, waived the notice requirement. Moore argued the ten day notice requirement was a condition precedent to the trial court's jurisdiction over the FED proceeding, and since notice had been waived, the trial court lacked jurisdiction to proceed.
 {¶ 11} On April 20, 2007, Showe Management filed a response to Moore's motions to vacate and dismiss. In the response, Showe Management argued the agreed entry was not induced by fraud and Moore failed to establish grounds in her *Page 5 
affidavit which would support the motion to vacate. Showe Management also argued the agreed entry permitted Showe to accept future rent without waiving the right to enforce the judgment entry of restitution of the premises.
 {¶ 12} On May 11, 2007, the trial court granted Moore's motion to vacate the judgment entry of restitution of the premises filed on April 13, 2007, denied the motion to dismiss and rescheduled the matter for hearing on May 25, 2007.
 {¶ 13} On July 17, 2007, after the May 25, 2007, hearing, the trial court again granted Moore's motion to vacate the judgment of restitution and granted Moore's motion to dismiss for lack of jurisdiction. In the entry, the trial court stated in pertinent part as follows:
 {¶ 14} "Based on the evidence presented at the hearing, the Court finds that the Defendant made future rent payments which were accepted by the Plaintiff's representatives at the time she signed the agreement. As a result the Court is without jurisdiction to proceed on the Plaintiff's complaint and enforce the Agreed Judgment Entry submitted to the Court at the original eviction hearing. In Shimko v. Marks (1993),91 Ohio App. 3d 458, the Fifth District Court of Appeals reiterated that by accepting future rent payments after serving a Notice to Vacate, the landlord is deemed to have waived the Notice to Vacate as a matter of law since such acceptance is inconsistent with the landlord's Notice to Vacate.
 {¶ 15} "In this case, it is undisputed that the Defendant signed the Agreed Judgment Entry on April 6, 2007. It is also undisputed that she paid, and the Plaintiff accepted, on that date her rental payment for the month of March, the March late fee, and her April payment through the end of the month. At that point she paid ahead on *Page 6 
her rent and Plaintiff accepted those future rent payments. Accordingly, the Court finds as a matter of law, Plaintiff waived the Notice to Vacate which [was] served on the Defendant on March 12, 2007.
 {¶ 16} "Accordingly, Defendant's Motion for Relief from Judgment and Motion to Dismiss Plaintiffs Complaint are hereby granted and Plaintiffs Complaint is dismissed at its costs."
 {¶ 17} It is from this judgment that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 18} "I. THE LICKING COUNTY MUNICIPAL COURT HAS JURISDICTION AND PROPERLY APPROVED THE AGREED ENTRY ON APRIL 13, 2007.
 {¶ 19} "II. THE AGREED JUDGMENT ENTRY IS A VALID AND BINDING CONTRACT BETWEEN THE PARTIES.
 {¶ 20} "III. TENANT BEARS A HEAVY BURDEN TO PROVE THE TRIAL COURT ACTED IMPROPERLY.
 {¶ 21} "IV. TO NOT UPHOLD THE AGREED JUDGMENT ENTRY UPSETS THE BALANCE OF THE LAND-LORD TENANT ACT AND IS NOT IN THE INTEREST OF JUSTICE."
 {¶ 22} On July 24, 2008, Moore filed a "Notice" with this Court advising this Court that on July 9, 2008, she had vacated the residence at issue. In the notice, Moore urged the Court to hear the appeal, arguing the appeal is not moot because it involves an issue of great public importance, the resolution of the issues would benefit others who are similarly situated, and/or that the issues are capable of repetition, yet evading review. *Page 7 
 {¶ 23} Since Moore vacated the premises, the first issue which must be addressed by this Court is whether the appeal is moot and/or if the appeal is moot, whether it should be heard by this Court.
 {¶ 24} "As a general rule, courts will not resolve issues that are moot. See, Nextel West Corp. v. Franklin Cty. Bd. of ZoningAppeals, Franklin App. No. 03AP-625, 2004-Ohio-2943, at ¶ 10, citingMiner v. Witt (1910), 82 Ohio St. 237:
 {¶ 25} "The doctrine of mootness is rooted both in the `case' or `controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. * * * While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question. (Citations omitted.)" Redmon v. CityCouncil of City of Columbus, Franklin App. No. 05AP466, 2006-Ohio-2199.
 {¶ 26} The Ohio Supreme Court has stated forcible entry and detainer actions decide the right to immediate possession of property and "nothing else." Seventh Urban, Inc. v. Univ. Circle Property Dev.,Inc. (1981), 67 Ohio St.2d 19, 25, n. 11, 423 N.E.2d 1070. "Once a landlord has been restored to property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted to the landlord." United StatesSecy. of Hous. and Urban Dev. v. Chancellor (Feb. 25, 1999), 8th Dist. No. 73970. See Crossings Dev. Ltd. Partnership v. H.O.T., Inc. (1994),96 Ohio App.3d 475, 479-80, 645 N.E.2d 159; Reck v. Whalen (1996),114 Ohio App.3d 16, 19, 682 N.E.2d 721. Therefore, a tenant's vacation of the premises renders all the issues in regard to a forcible entry and detainer action moot. United States Secy. of Hous. and Urban Dev., supra. See, Crossings Dev. *Page 8 Ltd. Partnership, 96 Ohio App.3d at 480, 645 N.E.2d 159; Alex-BellOxford Ltd. Partnership v. Woods (June 5, 1998), 2nd Dist. No. 16038.
 {¶ 27} In the case sub judice, the controversy has been resolved by appellee's voluntary actions, i.e., vacation of the premises. Appellant has been restored to immediate possession of the premises. Even if this Court found the trial court's actions to be an abuse of discretion and remanded the matter, there would be no further relief available to appellant. As such our opinion would simply be advisory.[1]
 {¶ 28} An Appellate Court is not required to render an advisory opinion on a moot question or to rule on a question of law that cannot affect matters at issue in a case. Folmar v. Griffin, Delaware App. No. 07 CAE 06 0025, 2008-Ohio-2941. See, also, State v. Bistricky (1990)66 Ohio App.3d 395, 584 N.E.2d 75. Accordingly, the matter is hereby dismissed as being moot.
Edwards, J. Wise, P.J. and Delaney, J. concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Licking County Municipal Court is dismissed. Costs assessed to appellant.
[1] "[I]t is well settled * * * that appellate courts do not grant advisory opinions or prospective relief"); Schwab v. Lattimore,166 Ohio App.3d 12, 2006-Ohio-1372, at ¶ 10 (footnote omitted) (stating that "[t]he duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect, and the court need not render an advisory opinion on a moot question or a question of law that cannot affect the issues in a case"). *Page 1