ACCELERATED DOCKET JOURNAL ENTRY and OPINION
Henry Navin appeals from two judgments of the Cleveland Municipal Court, which evicted him, granting his landlord, Sam Riolo, possession of the leasehold premises, and dismissed his counterclaim against Riolo for the conversion of his personal property.
On appeal, Navin claims that he never received service of the forcible entry and detainer complaint and therefore argues that the court lacked personal jurisdiction over him; he further contends that the court erred in dismissing his counterclaim, urging that Riolo is responsible for the loss of his personal property during the eviction process. After review of the record, we have concluded that Navin's arguments are without merit. Accordingly, we affirm the judgment of the trial court.
The record reveals that Riolo owns a house located at 5788 Portage Avenue, in the City of Cleveland, Ohio, and that he rented a portion of the house to Navin.
On September 29, 2000, Riolo filed a complaint against Navin seeking a writ of restitution, unpaid rent, and damages. The court attempted to serve Navin with the complaint by certified and regular mail at the 5788 Portage Avenue address. The post office returned the certified mail summons as "unclaimed."
On October 24, 2000, the court issued a writ of restitution and posted a final eviction notice at the house. Two days later, Navin filed a motion to stay execution of the writ, claiming that he had not been served with the complaint.
The court denied Navin's motion to stay and scheduled the move-out for October 30, 2000. On that day, a bailiff from the Housing Division of the Cleveland Municipal Court arrived at the premises with a moving service and removed Navin's personal belongings from Riolo's house. According to Riolo, the movers placed Navin's possessions on the tree lawn; the trash collectors then disposed of this property on November 3, 2000.
On November 15, 2000, Navin filed a counterclaim alleging that Riolo improperly converted his personal property. The court scheduled this matter for trial on May 1, 2001, and on that day, after a brief discussion, granted Riolo's motion for a directed verdict on Navin's counterclaim for conversion.
Navin now appeals, raising two assignments of error for our review. The first states:
 THE TRIAL COURT ERRED BY EVICTING A TENANT, AFTER HE FILED A MOTION TO STAY STATING THAT HE NEITHER RECEIVED SERVICE OF THE SUMMONS NOR SERVICE OF THE COMPLAINT, WHEN THE TRIAL COURT LACKED PERSONAL JURISDICTION.
Navin argues that the court lacked jurisdiction to evict him, urging that he had not been properly served with a copy of Riolo's complaint. As a preliminary matter, although not raised by either party, we must determine whether this appeal is moot because Navin has been evicted and Riolo now has possession of the subject premises. In this regard, we are persuaded by United States Secy. of Hous. Urban Dev. v. Chancellor
(Feb. 25, 1999), Cuyahoga App. No. 73970, unreported, where we stated:
 In Seventh Urban, Inc. v. University Circle
(1981), 67 Ohio St.2d 19, 25, fn. 11, 423 N.E.2d 1070, the court cited R.C. 1923.03 and noted that forcible entry and detainer actions decide the right to immediate possession of the property "and nothing else." Once a landlord has been restored to property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted to the landlord. * * *
In Chancellor, we concluded that a forcible entry and detainer action became moot upon the landlord being restored to the property, and we therefore rejected the tenants' appeal. Id., citing Reck v. Whalen
(1996), 114 Ohio App.3d 16, 682 N.E.2d 721; Crossings Dev. Ltd.Partnership v. H.O.T., Inc. (1994), 96 Ohio App.3d 475, 645 N.E.2d 159.
Here, in conformity with Chancellor, Navin's appeal from the writ of restitution is moot; instead, pursuant to R.C. 1923.03, Navin is limited to pursuing other remedies. Accordingly, we over-rule this assignment of error as moot.
The second assignment of error states:
 THE TRIAL COURT ERRED BY DISMISSING THE TENANT'S COUNTERCLAIM THEREBY DEPRIVING HIM OF RESTITUTION OF CHATTELS CONVERTED BY HIS LANDLORD.
Navin apparently challenges the trial court's judgment granting Riolo's oral motion for a directed verdict on Navin's counterclaim for the conversion of his personal property. Riolo counters that Navin failed to file objections to the magistrate's recommendations to dismiss his counterclaim and therefore waived the right to appeal this decision.
A review of the record reveals that the magistrate's report and the trial court's adoption of the same, which dismissed Navin's conversion counterclaim against Riolo, were both filed on May 11, 2001. The record further confirms that Navin never filed objections to the magistrate's report.
Civ.R. 53(E)(3)(b) provides in part:
 (b) * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Civ.R. 53(E)(4)(c) states:
 (c) Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. * * *
Here, although the magistrate's report and the trial court's order adopting it had been filed on the same day, Civ.R. 53(E)(4)(c) afforded Navin fourteen days to file objections and effect the automatic stay provision of that rule. He failed to do so and, therefore, pursuant Civ.R. 53(E)(3)(b), he has waived the right to file an appeal from that judgment. Accord Thompson v. Thompson (Aug. 10, 2001), Portage App. No. 2000-P-0110, unreported; Huffman v. Huffman (July 13, 2001), Trumbull App. No. 2000-T-0095, unreported; Simms v. Simms (Mar. 27, 1998), Portage App. No. 97-P-0005, unreported.
Based on the foregoing, Navin has waived the right of review on this assignment of error. Accordingly, it is overruled, and we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and DIANE KARPINSKI, J. CONCUR