OPINION
{¶ 1} Defendants-appellants Lowell and Carolyn Abbe appeal the decision of the Columbiana County Common Pleas Court which evicted them from the camping lot and cabin of plaintiff-appellee Barbara Weikart. The issues presented by appellants concern whether there was timely notice of eviction in general, whether there was sufficient notice of eviction from the cabin, whether all the proper individuals were served with notice of eviction, and whether there was a valid oral land sale contract for the cabin. For the following reasons, the judgment of the trial court is affirmed as three issues have become moot and one issue is improperly raised to this court as it was not decided by the trial court.
 STATEMENT OF FACTS {¶ 2} Barbara Weikart owns Stone Ridge Terrace Campground near Salem, Ohio. The campground has approximately one hundred camping lots, typically rented out for the season, which runs from April to October. Lowell and Carolyn Abbe arrived at the campground near Easter 2001. They were informed of the seasonal rate and the monthly rate and were told they would be required to pay their own electric. They chose the monthly rate, paid $185 to Ms. Weikart for the first month, and set up their camper.
 {¶ 3} After the first month, they did not pay another monthly fee. Rather, they came to an agreement with Ms. Weikart whereby they would do some maintenance work at the campground in return for free use of the camping lot. That summer Lowell took care of the grass. They also performed some cleaning services.
 {¶ 4} In October, Ms. Weikart informed the Abbes about her plans to build cabins on the campgrounds to lease or sell. She had recently built a cabin for herself. The Abbes expressed interest in purchasing a cabin; they mentioned that they would try to get financing or maybe they could sell their many cars, campers, and pieces of equipment that they had moved onto their camping lot. They never came to an agreement on a sale price, and in fact, Ms. Weikart testified that she was still leaning towards allowing them to rent a cabin rather than buy one.
 {¶ 5} Although the operation of the campgrounds was seasonal, the Abbes stayed through the winter during which time Lowell helped with land renovations to prepare for the second cabin which Ms. Weikart was building on the grounds. They failed to pay any winter electric bills, making the last payment in September or October. (Tr. 11). The shell of the second cabin, for which Ms. Weikart paid $10,000, was erected in January 2002. She then paid an interior contractor to finish the inside of the cabin. In late March 2002, Ms. Weikart discovered that Lowell Abbe, who had received the only set of keys from the builder, had moved his ninety-one year-old mother, Maria Abbe, into the cabin on March 14, 2002.
 {¶ 6} On March 31, 2002, Ms. Weikart served three-day notice of eviction on Lowell and Carolyn Abbe. On April 12, 2002, Ms. Weikart filed a complaint in forcible and entry and detainer in the Municipal Court. She alleged that on March 14, 2002, they entered her cottage and took possession without her consent. She also stated that they violated the terms of the month-to-month agreement for the camping lot. In her second cause of action she sought damages.
 {¶ 7} On April 26, 2002, Lowell and Carolyn Abbe filed an answer and counterclaim wherein they alleged fraud in that they were to purchase the cabin and the value of their services was to be credited toward the purchase price, intentional infliction of emotional distress, defamation, breach of oral contract, and unjust enrichment. The case was then transferred to the common pleas court due to the counterclaim requesting the cabin or $59,000.
 {¶ 8} The trial on Ms. Weikart's first cause of action for eviction was heard on May 22, 2002. Testimony was presented by Ms. Weikart and Lowell and Carolyn Abbe. On May 23, 2002, the trial court held for Ms. Weikart on her first cause of action. As to the camping lot, the court found Lowell and Carolyn were holdover tenants, they violated various provisions of the rental agreement, and they failed to pay rent. As to the cabin, the court noted that Ms. Weikart has title and that she did not give Lowell and Carolyn permission to occupy the cabin.
 {¶ 9} Lowell and Carolyn Abbe filed notice of appeal in Case No. 02CO32, and the writ of restitution ordering them to vacate the premises was stayed by this court pending appeal. They set forth one assignment of error which generally argues that the grant of an eviction was invalid, against the weight of the evidence, and contrary to statutory and common law. The assignment of error is then subdivided into four issues presented. We shall address the following three issues presented together:
 {¶ 10} "Whether the Trial Court erred in granting the eviction in the herein case when Plaintiff-Appellee failed to provide adequate notice to Defendants-Appellants."
 {¶ 11} "Whether the Trial Court erred in granting the eviction when Plaintiff-Appellee failed to provide notice of eviction to Defendants-Appellants in regards to the cabin in question."
 {¶ 12} "Whether the Trial Court erred in granting the eviction when Plaintiff-Appellee failed to provide notice of eviction to Maria Abbe, who was occupying the cabin in question."
 {¶ 13} For the following reasons, these issues have all become moot. After this court granted a stay of the eviction in case No. 02CO32, appellee filed a new forcible entry and detainer action in the trial court after serving new notice to vacate. This time, appellee gave longer notice to avoid appellants' first argument that the notice was inadequate. Appellee also provided more specific notice regarding the cabin to avoid appellants' second argument that the notice did not mention the cabin. Additionally, appellee added Maria Abbe and others as defendants to resolve appellants' third argument set forth in this appeal. Again, appellants counterclaimed due to their allegations that there existed an oral land contract. In November 2002, the trial court decided the eviction action in favor of appellee.
 {¶ 14} Appellants filed notice of appeal resulting in case No. 02CO65. This court denied the application for a stay of the order. Thus, appellants vacated the premises. In the present appeal, case No. 02CO32, appellants filed a motion seeking to hold appellee in contempt for removing them from the premises in violation of the stay issued in 02CO32. On December 20, 2002, this court overruled the motion. We held that forcible entry and removal of appellants from the subject premises was accomplished through a separate order issued by the trial court in a separate forcible entry and detainer action represented by case No. 02CO65 after we denied the stay in that case. We then advised that 02CO65 would be dismissed if a brief was not soon filed. Notably, we ordered appellants to advise if the issues in 02CO32 have become moot. Appellants did not advise on the mootness of 02CO32 or file a brief in 02CO65. Thus, we dismissed the appeal in 02CO65.
 {¶ 15} In a case similar to the one at bar, it was held that even if there is merit to one of the tenant's assignments of error presented in an appeal after a landlord's successful forcible entry and detainer action, the appellate court cannot provide the tenant meaningful relief in that appeal if she has been evicted from the premises as a result of a judicial order that is not the subject of this appeal but rather occurred in a second eviction action. Reck v. Whalen (1996), 114 Ohio App.3d 16,19 (2d Dist.). In that case, the tenant appealed her eviction on the grounds that she was not notified of the time and place of trial and that the trial court erred in retaining the eviction action but transferring the counterclaim. The court ruled that the tenant's assignments of error in the appeal of the forcible entry and detainer action were moot where the tenant was removed from the premises in another action. Id. at 16, 19.
 {¶ 16} This is because a forcible entry and detainer decides only the right to immediate possession and nothing else. Seventh Urban, Inc.v. University Circle (1981), 67 Ohio St.2d 19, 25, fn. 11. If immediate possession is no longer an issue due to vacation, then continuation of the forcible entry and detainer action or appeal is unnecessary. "Once the landlord has been restored to property, the [result of the] forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted." Long v.MacDonald, 3d Dist. No. 3-02-10, 2002-Ohio-4693 (holding that the tenant's appeal is moot regardless of whether the tenant's vacation is voluntarily or not); U.S. Sec. of HUD v. Chancellor (Feb. 25, 1999), 8th Dist. No. 73970 (agreeing with HUD's argument that the tenants-appellants' appeal was moot since they vacated the premises and affirming on that basis). See, also, Riolo v. Navin, 8th Dist. No. 79809, 2002-Ohio-1551; Blosser v. Bowman (May 1, 2001), 10th Dist. No. 00AP-1140.
 {¶ 17} This court has held similarly. Witkowski v. Arditi (Sept. 25, 1997), 7th Dist. No. 94CA111 (advising that the court's denial of the tenant's motion to stay the eviction effectively rendered the tenant's claim on appeal moot and affirming on that basis); Achkar v. Mondok
(Mar. 3, 1981), 7th Dist. No. 79CA123 (stating that all matters arising from the forcible entry and detainer action dealing with possession become moot when the tenants leave the premises).
 {¶ 18} Here, not only did the tenants vacate the premises, but the errors raised in this appeal were cured in the second forcible entry and detainer action. This second action is not currently on review and, in fact, is no longer on appeal at all. Due to the second notice to vacate, second eviction action, second appeal, and subsequent vacation of the premises, the issues raised in the appeal from the first eviction action regarding notice have become moot. As such, these first three issues presented are overruled.
 {¶ 19} As can be seen from the above case cites, some courts dismiss appeals where all issues are moot and some affirm the trial court's judgment in such cases. Regardless, in this case, another issue is presented. This remaining issue asks as follows:
 {¶ 20} "Whether a valid oral land sale contract existed between the Plaintiff-Appellee and the Defendants-Appellants in regards to the cabin in question."
 {¶ 21} According to the court's opening statements recorded in the transcript and according to the final judgment entry, only the plaintiff's first cause of action on eviction was heard and decided. Defendants' counterclaims were not heard, and they did not object to the trial court merely proceeding as to plaintiff's eviction action. In fact, defendants voluntarily dismissed their counterclaims subsequent to the filing of this appeal. Defendants raised the same counterclaims in the second eviction action. The act of dismissal after the filing of the appeal and the act of refiling are basically admissions that the counterclaim, which included these allegations of an oral land sale, was not heard at the time the eviction was tried.
 {¶ 22} Whether an oral contract to purchase the cabin in the future existed and whether the contract would fall outside the Statute of Frauds for the sale of land are questions that were not before the trial court. We note that appellants' brief only alleged that "a portion of the purchase price would be covered by work done by Defendants-Appellants." Appellants' Brief 6-7. Thus, even under appellants' claim, there remained money to be paid to appellee, which would work against their claim to entitlement to possession.
 {¶ 23} These issues regarding an impending, future sale do not affect the validity of the present eviction. See State ex rel. Weiss v.Hooever (1999), 84 Ohio St.3d 530, 531; State ex rel. Carpenter v. WarrenMunicipal Court (1980), 61 Ohio St.3d 208, 209-210 (stating that forcible entry and detainer relates to possession not title and that the action can proceed even if tenants brought a separate action regarding a claim to title). In the completed action below, only the right to present possession was at issue. Defendants stipulated that plaintiff owned the cabin in fee simple at the time of the hearing. Because the trial court's decision only concerned plaintiff's arguments as to the eviction action and did not relate to defendants' counterclaims as to an oral land contract, we cannot review this argument on appeal. The forcible entry and detainer action was properly decided in favor of appellee without regard to claims of a pending sale. See id. Accordingly, this assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Donofrio, J., concur.