DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Mark Chesler, appeals from the decision of the Oberlin Municipal Court which entered judgment in favor of Appellee. This Court affirms.
 I. {¶ 2} Appellee, AVB Properties, LLC, entered into a month-to-month lease with Appellant. On May 17, 2004, Appellee sought to amicably terminate the lease on the grounds that Appellant was disturbing other tenants. When the parties were unable to reach a resolution, on October 12, 2004, Appellee filed a complaint in forcible entry and detainer in order to evict Appellant.
 {¶ 3} In response to the complaint, Appellant claimed that his eviction was the result of retaliation. In his answer, Appellant raised his defense of retaliation along with six counterclaims. Specifically, Appellant alleged that he was evicted for reporting various violations of the housing and health codes.
 {¶ 4} The matter proceeded to a jury trial on each of the claims. At the close of trial, the trial court granted Appellee's motion for directed verdict on the final count in Appellant's counterclaim, a so-called "SLAPP" cause of action. The remaining counts were submitted to the jury. The jury found in favor of Appellee on its eviction claim and against Appellant on each of the causes of action in his counterclaim. On March 21, 2005, the trial court journalized the jury's verdict. The record reflects that a writ of restitution was issued and executed on March 30, 2005. Appellant timely appealed the trial court's judgment, raising four assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN RULING AGAINST THE ADMISSIBILITY OF A TAPE[D] TELEPHONE MESSAGE * * *."
 {¶ 5} In his first assignment of error, Appellant contends that the trial court erred when it failed to admit an audio-taped telephone conversation. We find that Appellant's assertions lack merit.
 {¶ 6} A trial court possesses broad discretion with respect to the admission of evidence. State v. Maurer (1984),15 Ohio St.3d 239, 265. An appellate court will not disturb evidentiary rulings absent an abuse of discretion that produces a material prejudice to the aggrieved party. State v. Roberts,156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 7} Based upon the record before this Court, we need not reach the merits of the trial court's decision to exclude Appellant's evidence. In his brief, Appellant has failed to allege any prejudice from the exclusion of the evidence. Specifically, in his brief, Appellant asserts that "[t]here is no question that the [evidence] was relevant to the claim and issue of retaliatory action and conduct on the part of [Appellee,] especially the issue of retaliatory motive[.]" Assuming arguendo, however, that the above statement has alleged prejudice, Appellant has not met his burden under App.R. 9(B) to supply a transcript of all of the portions of the proceedings relevant to his assignment of error. On appeal, Appellant did not provide a transcript which included any of the testimony surrounding his claim for retaliation.[1]
 {¶ 8} When the record is incomplete, this Court must presume the regularity of the trial court's proceedings and affirm its decision. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. See, also, Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 409 (declaring where portions of the record are omitted, which are necessary for effective review, the appellate court must affirm). Accordingly, absent a transcript, Appellant cannot demonstrate that he was prejudiced by the exclusion of the above evidence. Appellant's first assignment of error, therefore, is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN DENYING AND NOT GRANTING [APPELLANT'S] MOTION FOR SANCTIONS FILED PURSUANT TO OHIO CIVIL RULE OF PROCEDURE 37(B)(2)(A) AND (B) * * *."
 {¶ 9} In his second assignment of error, Appellant asserts that the trial court erred in denying his motion for sanctions. We disagree.
 {¶ 10} Civ.R. 37(B) provides a range of various sanctions for failure to comply with discovery requests.
"It is exclusively within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed. The appropriateness of the choice is reviewable to the extent that an abuse may have occurred in the exercise of the trial court's discretion in the selection of the sanction." Russo v. Goodyear Tire Rubber Co.
(1987), 36 Ohio App.3d 175, 178.
An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore,5 Ohio St.3d at 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons, 66 Ohio St.3d at 621.
 {¶ 11} In his brief, Appellant asserts that the trial court erred in failing to grant his motion for sanctions because Appellee failed to produce the phone records of plaintiff Joseph Wysocki. We find no abuse of discretion in the trial court's judgment.
 {¶ 12} This Court notes that upon our independent review of Appellant's discovery requests, Appellant in fact requested Mr. Wysocki's phone records in his request for documents. However, in his motion for sanctions, Appellant failed to identify any specific request for documents that had gone unanswered. Rather, he vaguely asserted that Appellee's responses were improper or insufficient. The trial court, therefore, was not presented with evidence of a discovery violation. Furthermore, this Court can find no authority for the proposition that the trial court must engage in its own independent investigation to determine whether a discovery violation has occurred. Rather the burden is properly placed on the party moving for sanctions to demonstrate a specific violation. With the record before this Court, there is no evidence that Appellant identified any specific failure by Appellee to respond to discovery, let alone a failure relating to phone records. The trial court, therefore, did not abuse its discretion in denying Appellant's motion for discovery sanctions.
 {¶ 13} Furthermore, assuming arguendo that the trial court erred when it failed to order sanctions, Appellant can demonstrate no prejudice resulting from the trial court's ruling. In his brief, Appellant asserts that the trial court should have utilized Civ.R. 37(B) to establish the fact that Mr. Wysocki placed a call to Appellant's brother. During his cross-examination, Mr. Wysocki admitted to making such a phone call. Appellant, therefore, can establish no prejudice from the trial court's ruling. Appellant's second assignment of error, therefore, is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED WHEN IT ISSUED A PREJUDICIAL ERRONEOUS UNLAWFUL JURY INSTRUCTION REGARDING THE LANDLORD'S `HOLDOVER' EXCEPTION UNDER [R.C. 5321.03(A)(4)] * * *."
 {¶ 14} In his third assignment of error, Appellant asserts that the trial court erred when it instructed the jury on certain exceptions applicable to Appellee's claim for forcible entry and detainer. We find Appellant's third assignment of error moot.
 {¶ 15} Mootness arises where a judgment is sought upon a matter which cannot have any practical effect upon the issues raised by the pleadings. Crossings Dev. LP v. H.O.T., Inc.
(1994), 96 Ohio App.3d 475, 479. In Crossings, this Court discussed mootness in the context presented herein. We noted that in a forcible entry and detainer action, a court must distinguish between the plaintiff and defendant:
"Such an action is brought by a plaintiff out of possession for the purposes of ousting a defendant in possession and having the premises delivered to the plaintiff. If the plaintiff is unsuccessful at the trial court level and appeals seeking a new trial, the matter is not moot because, if a new trial is granted, the plaintiff will still be out of possession at the time of that new trial and will still be seeking to have the defendant ousted and the premises delivered to the plaintiff. Similarly, if a plaintiff is successful at the trial court level and the defendant obtains a stay, either preventing execution of a writ of restitution or, pursuant to R.C. 1923.14, placing it back in possession during the pendency of the appeal, if a new trial is granted, the plaintiff will be out of possession at the time of that new trial and will be seeking to have the defendant ousted and the premises delivered to the plaintiff. It is only when aplaintiff is successful and defendant does not obtain a staypreventing its ouster and the return of the premises to theplaintiff that the issues are rendered moot." (Emphasis added.) Id. at 480-81.
 {¶ 16} In the instant matter, Appellee was successful in its action, obtained a writ of restitution, the writ was executed, and Appellant failed to move for a stay of execution of the writ. Accordingly, any error in the trial court's jury instructions regarding Appellee's forcible entry and detainer action is rendered moot. Such is true because Appellee is now in possession of the property and any decision rendered by this Court would have no effect on the forcible entry and detainer action. Id. at 481 ("[The Revised Code] does not provide jurisdiction to place a defendant who is out of possession into possession.") Appellant's third assignment of error, therefore, is moot and overruled.
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED WHEN IT HELD THAT AS A MATTER OF LAW THE STATE OF OHIO DOES NOT RECOGNIZE A CAUSE OF ACTION FOR A SLAPP LAWSUIT, STRATEGIC LAWSUIT AGAINST PUBLIC PARTICIPATION (`SLAPP') * * *."
 {¶ 17} In his final assignment of error, Appellant asserts that the trial court erred when it granted a directed verdict on his counterclaim, which he alleges is a strategic lawsuit against public participation ("SLAPP") suit which should be recognized by the State of Ohio. Appellant's final assignment of error lacks merit.
 {¶ 18} Initially, we note that that Appellant's assertion that the trial court granted a directed verdict on his SLAPP claim "because as a matter of law * * * Ohio does not recognize [such] a cause of action" is unsupported by the record. The trial court granted a directed verdict on the SLAPP claim, but it did not specify its reasons for doing so. Furthermore, based upon our resolution of this assignment of error, this Court takes no stance on whether SLAPP actions are cognizable under Ohio law.
 {¶ 19} Pursuant to Civ.R. 50(A)(4), a trial court is authorized to grant a directed verdict only when:
"[A]fter construing the evidence most strongly in favor of the party against whom the motion is directed, [the court] finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
When ruling on a motion for a directed verdict, the court considers the sufficiency of the evidence. Wagner v. RocheLaboratories (1996), 77 Ohio St.3d 116, 119, reversed on other grounds (1999), 85 Ohio St.3d 457.
"When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses; it is in the nature of a demurrer to the evidence and assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, and gives to that party the benefit of all reasonable inferences from that evidence." Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 68; see, also Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284-85.
 {¶ 20} If the party opposing the motion for a directed verdict fails to present evidence on one or more of the essential elements of a claim, a directed verdict is proper. Hargrove v.Tanner (1990), 66 Ohio App.3d 693, 695. However, where substantial evidence is presented such that reasonable minds could come to differing conclusions, the court should deny the motion. Posin v. A.B.C. Motor Court Hotel, Inc. (1976),45 Ohio St.2d 271, 275. Under the "reasonable minds" portion of Civ.R. 50(A)(4), the court is only required to consider whether there exists any evidence of probative value in support of the elements of the non-moving party's claim. See Coleman v. Excello-TextronCorp. (1989), 60 Ohio App.3d 32, 40; Ruta,69 Ohio St.2d at 69.
 {¶ 21} Appellant's final assignment of error suffers from the same deficiency as his first assignment of error. Appellant has failed to supply the portions of the record necessary to resolve his claim. See App.R. 9(B). Absent the transcripts which demonstrate the evidence introduced regarding Appellant's alleged cause of action, this Court cannot determine whether the trial court erred. Without those transcripts, this Court must presume that the trial court acted properly based on the evidence presented. Knapp, 61 Ohio St.2d at 199. This Court, therefore, cannot say that the trial court erred in granting a directed verdict on Appellant's so-called "SLAPP" cause of action. Accordingly, Appellant's fourth assignment of error is overruled.
 III. {¶ 22} Appellant's assignments of error are overruled. The judgment of the Oberlin Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. concur.
[1] We do not discuss in any manner Appellant's defense of retaliation as it related to Appellee's forcible entry and detainer action because any such discussion is moot. See, infra, ¶ 16.