OPINION *Page 2 
{¶ 1} Defendant-appellant George Kajganic appeals the September 7, 2007 Judgment Entry of the Canton Municipal Court in favor of Plaintiff-appellee Loretta Miller.
 STATEMENT OF THE CASE {¶ 2} This appeal arises from a forcible entry and detainer action initiated by Appellee in the Canton Municipal Court. On October 31, 2007, following a hearing, the magistrate issued a Magistrate's Decision recommending Appellee receive the requested writ of restitution. Appellant filed objections to the Magistrate's Decision with the trial court. Via Judgment Entry of September 7, 2007, the trial court denied Appellant's objections, adopting the decision of the magistrate. A writ of restitution was issued on September 11, 2007. The writ was returned on September 27, 2007, indicating Appellant had moved.
 {¶ 3} Appellant now appeals, assigning as error:
 {¶ 4} "I. THE COURT LACKED JURISDICTION.
 {¶ 5} "II. THE COURT ERRORED [SIC] WHEN IT FAILED TO INCLUDE IN THE MAGISTRATE'S REPORT THE EXPLICIT WARNING THE PRO SE DEFENDANT HAD 2 DAYS TO OBJECT TO THE MAGISTRATE'S REPORT.
 {¶ 6} "III. HEARING NOT IN CONFORMITY WITH 12.32 MAGISTRATE, REVISED CIVIL RULE 53, (4) PROCEEDINGS BEFORE THE MAGISTRATE.
 {¶ 7} "IV. TOM BUTLER WAS NOT SWORN IN.
 {¶ 8} "V. DEFENDANT WAS DENIED DUE PROCESS PURSUANT TO 1, 5 AND 14TH AMENDMENTS U.S. CONSTITUTION. *Page 3 
 {¶ 9} "VI. THE COURT DIDN'T RESPOND TO DEFENDANT'S MOTIONS AND PLEADINGS."
 {¶ 10} Mootness arises where a judgment is sought upon a matter which cannot have any practical effect upon the issues raised by the pleadings. AVB Properties, L.L.C. v. Chester 2006-Ohio-4306;Crossings Dev. LP v. H.O.T., Inc. (1994), 96 Ohio App.3d 475, 479.
 {¶ 11} In the instant matter, Appellee was successful in her action, obtained a writ of restitution, the writ was executed, and the writ was returned indicating Appellant moved from the premises. Accordingly, any error in the trial court proceedings relative to Appellee's forcible entry and detainer action is rendered moot. Such is true because Appellee is now in possession of the property and any decision rendered by this Court would have no effect on the forcible entry and detainer action. Id. ("[The Revised Code] does not provide jurisdiction to place a defendant who is out of possession into possession.") Appellant's assigned errors are therefore moot and overruled.
By: Hoffman, P.J.
 Wise, J. and Edwards, J. concur *Page 4 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, this appeal is dismissed. Costs to Appellant. *Page 1