[Cite as *NVDA Properties, L.L.C. v. Lambert*, 2013-Ohio-5222.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| NVDA PROPERTIES, LLC | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13CA85 |
| JOSEPH LAMBERT | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Shelby Municipal
                             Court, Case No. CVG 13-204

JUDGMENT:                    Dismissed

DATE OF JUDGMENT ENTRY:      November 22, 2013

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

SHEREE STUDER                        GREGORY S. REICHENBACH
BENHAM & REAM                        Box 256
150 Mansfield Avenue                 Bluffton, OH 45817
Shelby, OH 44875

*Gwin, P.J.*

**{¶1}** Defendant-appellant Joseph Lambert appeals the September 6, 2013 Judgment Entry of the Shelby Municipal Court in favor of Plaintiff-appellee NVDA Properties, LLC.

### Facts and Procedural History

**{¶2}** This appeal arises from a forcible entry and detainer action initiated by Appellee in the Shelby Municipal Court.

**{¶3}** On September 6, 2013, following a hearing, the judge issued a Judgment Entry granting Appellee a writ of restitution. A writ of restitution was issued on September 6, 2013. On September 16, 2013, appellant filed a Motion to Stay Execution of Judgment. On September 18, 2013, an Order and Judgment Entry was filed with the handwritten notion, "on writ of restitution only not signed 9-18-13." No judge's signature appears on the document. Appellant concedes in his Brief that he has vacated the premises. (Appellant's Brief at n.1).

### Assignments of Error

**{¶4}** Appellant now appeals, assigning as error:

**{¶5}** "I. THE TRIAL COURT'S JUDGMENT ON THE FORCIBLE ENTRY AND DETAINER CLAIM MUST BE VACATED, BECAUSE DEFENDANT-APPELLANT WAS PREVENTED FROM CROSS-EXAMINING PLAINTIFF-APPELLEE'S WITNESS, AND FROM TESTIFYING HIMSELF, REGARDING THE TERMS OF THE RENTAL AGREEMENT.

**{¶6}** "II. THE TRIAL COURT'S JUDGMENT ON THE FORCIBLE ENTRY AND DETAINER CLAIM MUST BE VACATED BECAUSE THERE IS INSUFFICIENT

EVIDENCE IN THE HEARING RECORD TO SUPPORT ENTERING JUDGMENT IN FAVOR OF NVDA ON THE FORCIBLE ENTRY AND DETAINER."

**{¶7}** Since appellant vacated the premises, the first issue that must be addressed by this Court is whether the appeal is moot, and if the appeal is moot, whether it should be decided on the merits by this court.

**{¶8}** Generally, vacation of the residence at issue renders the issues in a forcible entry and detainer action moot, thereby depriving the Court of jurisdiction to proceed. The Ohio Supreme Court has stated that forcible entry and detainer actions decide the right to immediate possession of property and "nothing else." *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, n. 11, 423 N.E.2d 1070(1981). "Once a landlord has been restored to property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted to the landlord." *United States Secy. of Hous. and Urban Dev. v. Chancellor*, 8th Dist. Cuyahoga No. 73970, 1999 WL 126170(Feb 25, 1999). See *Crossings Dev. Ltd. Partnership v. H.O.T., Inc.,* 96 Ohio App.3d 475, 479-80, 645 N.E. 2d 159(9th Dist. 1994); *Reck v. Whalen*, 114 Ohio App.3d 16, 19, 682 N.E.2d 721(2nd Dist. 1996). Therefore, a tenant's vacation of the premises renders all the issues in regards to a forcible entry and detainer action moot. *United States Secy. of Hous. and Urban Dev., supra*. See *Crossings Dev. Ltd. Partnership,* 96 Ohio App.3d at 480, 645 N.E. 2d 159(9th Dist. 1994); *Alex-Bell Oxford Ltd. Partnership v. Woods*, 2nd Dist. Montgomery No. 16038, 1998 WL 289028(June 5, 1998). Accordingly, we find the issue in this case to be moot because appellee's immediate possession is no longer an

issue. *Showe Management Corp. v. Moore,* 5th Dist. Licking No. 08CA10, 2009-Ohio-2312, ¶36; *Kajganic v. Miller,* 5th Dist. Stark No. 2007CA00282, 2008-Ohio-4530, ¶11.

{¶9} In the instant matter, Appellee was successful in its action, obtained a writ of restitution, and appellant has left the premises. Accordingly, any error in the trial court proceedings relative to Appellee's forcible entry and detainer action is rendered moot. Such is true because Appellee is now in possession of the property and any decision rendered by this Court would have no effect on the forcible entry and detainer action. *Id.* ("[The Revised Code] does not provide jurisdiction to place a defendant who is out of possession into possession.") *Miller*, 5th Dist. Stark No. 2007CA00282, 2008-Ohio-4530, ¶11. Appellant's assigned errors are therefore moot and overruled.

{¶10} Accordingly, we dismiss Lambert's appeal as moot.

{¶11} APPEAL DISMISSED.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


WSG: clw 1112

[Cite as *NVDA Properties, L.L.C. v. Lambert*, 2013-Ohio-5222.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

NVDA PROPERTIES, LLC             :

                 :

           Plaintiff-Appellee        :

                 :

                 :

-vs-                            :        JUDGMENT ENTRY

                 :

JOSEPH LAMBERT             :

                 :

                 :

           Defendant-Appellant    :        CASE NO. 13CA85

For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed.  Costs to appellant.

 

_____
HON. W. SCOTT GWIN

 

_____
HON. WILLIAM B. HOFFMAN

 

_____
HON. JOHN W. WISE