[Cite as *Helms v. Gains*, 2015-Ohio-4000.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JOEL HELMS | | C.A. No. 27616 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRANDON GAINS, et al. | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 2014 CVG 6345 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2015

CARR, Judge.

{¶1} Appellant, Joel Helms, appeals the judgment of the Akron Municipal Court. This Court affirms.

I.

{¶2} On August 11, 2014, Helms filed a forcible entry and detainer action in the Akron Municipal Court against numerous defendants. The complaint also contained additional claims in which Helms sought monetary damages in excess of $36,000. The matter proceeded to an eviction hearing before a magistrate. On September 4, 2014, the magistrate issued a decision concluding that Helms had failed to provide his tenants with a 30-day notice of his intent to evict them. The trial court adopted the magistrate's decision the same day. The trial court subsequently issued an order transferring the remaining claims to the Summit County Court of Common Pleas.

**{¶3}** Helms appealed the trial court's judgment entry denying him possession of the premises. Now before this Court, Helms raises one assignment of error.

## II.

## **ASSIGNMENT OF ERROR I**

THE LAW, [R.C.] 1923.04 REFERENCES ONLY 3-DAY REQUIREMENT FOR A CHALLENGE OF POSSESSION RIGHTS.

**{¶4}** In his sole assignment of error, Helms argues that the trial court erred in concluding that he was required to give his tenants a 30-day notice of his intent to terminate their tenancy. The amount of notice required to lawfully terminate a tenancy is dependent upon the type of tenancy at issue. *See, e.g.*, *Admr. of Veterans Affairs v. Jackson*, 41 Ohio App.3d 274, 278 (9th Dist.1987). On September 4, 2014, Helms appeared before the magistrate for an eviction hearing where he presented evidence regarding the nature of the tenancies in this case as well as the termination notice he gave to the tenants. It is the responsibility of the appellant to ensure that a transcript of proceedings is included in the appellate record. App.R. 10(A). The transcript from the hearing before the magistrate has not been included in the appellate record. When the record is incomplete, this Court must presume regularity in the trial court's proceedings and affirm its decision. *AVB Properties, L.L.C. v. Chesler*, 9th Dist. Lorain No. 05CA008702, 2006-Ohio-4306, ¶ 8, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.3d 197, 199 (1980). Helms' assignment of error is overruled.

## III.

**{¶5}** Helms' assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
CONCURS.

HENSAL, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶6} I agree that the judgment must be affirmed because Mr. Helms has not met his burden on appeal. *See In re Hiltabidel*, 9th Dist. Summit No. 21009, 2002-Ohio-3627, ¶ 58 ("An appellant bears the burden of affirmatively demonstrating error on appeal.").

APPEARANCES:

JOEL HELMS, pro so, Appellant.