[Cite as *Herhold v. Smith Land Co., L.L.C.*, 2016-Ohio-4939.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| SHAWN A. HERHOLD, et al. | C.A. No.     28032 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| SMITH LAND COMPANY, LLC, et al. | COURT OF COMMON PLEAS<br>COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.     CV 2008-05-3634 |

DECISION AND JOURNAL ENTRY

Dated: July 13, 2016

SCHAFER, Judge.

**{¶1}** Plaintiff-Appellants, Shawn Herhold and Malavanh Herhold (collectively, "the Herholds"), appeal from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** This appeal stems from the sale of certain property on Brunsdorf Road in Fairlawn. In July 2002, the Herholds purchased the property from Defendant-Appellees, Smith Land Company, LLC ("Smith Land") and its president, Robert Smith (collectively, "the Defendants"). According to the Herholds, the Defendants represented to them that they would be able to build a home on the property. Following their purchase, however, the Herholds discovered that the property suffered from a material defect and was not suitable for building. The Herholds brought suit against the Defendants for breach of contract, breach of the warranty

of title, fraud, misrepresentation, and fraudulent concealment/inducement.[1] They alleged that the Defendants failed to disclose the fact that the property "was comprised of substantial wetlands and illegal fill which severely restricted [its] use and purpose * * *." The Herholds sought compensatory damages, punitive damages, interest, and attorney fees.

{¶3} Following an unsuccessful motion to dismiss the Herholds' complaint for failure to state a claim, the Defendants filed their answer and, subsequently, a motion for summary judgment. The court denied the motion for summary judgment and set the matter for trial. The trial was delayed for some time, however, due to the occurrence of several events. First, Smith Land filed for bankruptcy and the Herholds had to obtain relief from the automatic bankruptcy stay in federal court. Second, the Defendants' counsel withdrew and, once they obtained new counsel, he filed a motion to disqualify the Herholds' counsel. Third, after the court denied the motion to disqualify, the Defendants appealed from the denial; the result of which was a dismissal for lack of a final, appealable order. *See Herhold, et al. v. Smith Land Company, LLC, et al.*, 9th Dist. Summit No. 27174 (Jan. 6, 2014). Following the resolution of all of the foregoing issues, the matter went to trial. At trial, the Herholds dismissed their claim against the Defendants for breach of warranty of title.

{¶4} The jury found in favor of the Herholds and awarded them $55,000 on their breach of contract claim, $65,000 on their fraud claims, and $35,000 in punitive damages. Additionally, the jury determined that the Herholds should be awarded their attorney fees. On May 20, 2014, the trial court issued a journal entry, memorializing the jury's verdict and setting the matter for a hearing on the amount of attorney fees to be awarded. The Herholds then filed a

---

[1] Initially, the Herholds also brought suit against Lawyer's Title Insurance Company, Sherri Costanza, and Stouffer Realty. Because those defendants were later dismissed from the suit, we need not address them.

motion for prejudgment interest. Before either issue was resolved, however, the Defendants appealed from the jury's award. This Court once again dismissed the attempted appeal for lack of a final, appealable order. *See Herhold, et al. v. Smith Land Company, et al.*, 9th Dist. Summit No. 27404 (June 26, 2014).

**{¶5}** Following this Court's dismissal, the Ohio Supreme Court assigned a visiting judge to the case. The visiting judge held a hearing on the amount of attorney fees to be awarded as well as on the issue of prejudgment interest. On January 22, 2015, the visiting judge awarded the Herholds $39,744 in attorney fees, $32,407.82 in prejudgment interest on their contract claim, and $36,854.91 in prejudgment interest on their fraud claims. The visiting judge then stepped aside, and the original trial judge returned to preside over the matter.

**{¶6}** On February 19, 2015, the Defendants filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. The Herholds sought to strike the motion on the basis of timeliness, but the trial court determined that the motion was timely. The Herholds then filed a brief in opposition to the motion, and the Defendants filed a reply.

**{¶7}** Before the trial judge could rule on the Defendants' motion, Mr. Smith filed an affidavit of disqualification with the Ohio Supreme Court, seeking to remove her from the case. The Defendants' counsel then filed a motion to withdraw from representation because Mr. Smith had filed the affidavit without consulting him. The Supreme Court ultimately denied the affidavit of disqualification, but the trial judge nevertheless recused herself from the case. The matter was reassigned to another judge, who also recused herself, and a third, who likewise recused herself.

{¶8} On September 21, 2015, the fourth trial judge issued an order on the Defendants' motion for judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court granted judgment notwithstanding the verdict to Mr. Smith on the issue of whether he was individually liable for a breach of contract. Because the Herholds did not present evidence that would have allowed them to pierce the corporate veil, the court determined, it entered judgement in Mr. Smith's favor on their breach of contract claim. The court refused, however, to enter a judgment notwithstanding the verdict in favor of: (1) Smith Land on the breach of contract claim, or (2) the Defendants on the fraud claims.

{¶9} As to the Defendants' alternative request for a new trial, the court announced that it "anticipated ruling" in the Defendants' favor. The court wrote that the jury's damage award appeared to be excessive and contrary to law because: (1) it awarded damages on two claims even though the jury instructions alleged identical conduct in support of each claim; and (2) the jury instructions inadequately defined the measure of the damages. The court further wrote that a new trial was warranted because the instructions presupposed certain matters had been decided and "unduly emphasized [the Herholds'] theory of the case." Nevertheless, the court did not grant the Defendants' motion in its September 21st ruling. Because the court acknowledged that it had "founded its conclusion on grounds not asserted by [the Defendants]" in their motion, it set the matter for further hearing. The court ruled that, pursuant to Civ.R. 59(D), a hearing would be held for the purpose of allowing the Herholds an opportunity to be heard on the court's "anticipated ruling."

{¶10} On October 1, 2015, the court held a hearing to address the issue of its "anticipated ruling" on the Defendants' request for a new trial. Following the hearing, the Herholds moved for a new trial on the issue of Mr. Smith's individual liability on their breach of

contract claim. On November 4, 2015, the court granted the Herholds' request for a new trial on the issue of Mr. Smith's individual liability. Further, it granted the Defendants' request for a new trial on all of the Herholds' other claims. In doing so, the court "affirm[ed] and incorporate[d] * * * the reasoning from its September 21st order * * *."

**{¶11}** The Herholds now appeal from the trial court's judgment and raise three assignments of error for our review. For ease of analysis, we rearrange the assignments of error.

II.

ASSIGNMENT OF ERROR III

THAT SMITH AND SMITH LAND COMPANY'S MOTION FOR JNOV AND NEW TRIAL WAS NOT TIMELY FILED AND THEREFORE THE LOWER COURTS (sic) GRANTING SMITH JUDGMENT NOTWITHSTANDING THE VERDICT AND BOTH SMITH AND SMITH LAND A NEW TRIAL IS IN ERROR.

**{¶12}** In their third assignment of error, the Herholds argue that the trial court erred by considering the Defendants' motion for judgment notwithstanding the verdict because it was untimely. We disagree.

**{¶13}** Civ.R. 50(B) governs motions for judgment notwithstanding the verdict. The rule provides, in relevant part, that

> [w]hether or not a motion to direct a verdict has been made or overruled and not later than twenty-eight days[2] after entry of judgment, a party may serve a motion to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion * * *.

Civ.R. 50(B). The Herholds argue that the trial court erred by granting the Defendants' motion for judgment notwithstanding the verdict because the Defendants filed their motion more than 28

---

[2] Previously, Civ.R. 50(B) required motions to be filed within 14 days of the entry of judgment. The rule was amended, effective July 1, 2013, to increase the time for filing to 28 days. Because the trial court relied on the amended version of the rule in reaching its decision and the Herholds have cited that version of the rule in their brief, we rely on it in reaching our decision.

days after the court entered its judgment in this matter. According to the Herholds, the judgment in this matter was entered on May 20, 2014.

{¶14} The trial court's May 20, 2014 journal entry memorialized the jury's verdict in this matter. That entry was not a final judgment, however, because the trial court still had to resolve the outstanding issues of attorney fees and prejudgment interest. *See* Civ.R. 54(A) ("'Judgment' * * * includes a decree and any order from which an appeal lies as provided in [R.C.] 2505.02 * * *."); *Herhold, et al. v. Smith Land Company, et al.*, 9th Dist. Summit No. 27404 (June 26, 2014) (dismissing appeal because court had yet to issue a final judgment). The court resolved those issues and entered its judgment on January 22, 2015. The final judgment in this matter, therefore, was entered on that date. The Defendants then filed their motion for judgment notwithstanding the verdict on February 19, 2015. Because the Defendants filed their motion within 28 days of the entry of judgment, their motion was not untimely, and the trial court did not err by considering it. The Herholds' third assignment of error is overruled.

ASSIGNMENT OF ERROR I

> THAT THE LOWER COURT ERRED AS A MATTER OF LAW WHEN, ON ITS OWN INITIATIVE, MORE THAN FOURTEEN DAYS AFTER ENTRY OF JUDGMENT ORDERED A NEW TRIAL IN VIOLATION OF RULE 59(D) OF THE OHIO RULES OF CIVIL PROCEDURE.

{¶15} In their first assignment of error, the Herholds argue that the trial court erred when it granted the Defendants a new trial, on its own initiative, beyond Civ.R. 59(D)'s prescribed time limit. We do not agree that the court's ruling was untimely.

{¶16} Civ.R. 59(D) provides for the granting of a new trial "[o]n initiative of court." The rule provides as follows:

> Not later than twenty-eight days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party.

> The court may also grant a motion for a new trial, timely served by a party, for a reason not stated in the party's motion. In such case the court shall give the parties notice and an opportunity to be heard on the matter. The court shall specify the grounds for new trial in the order.

Under Civ.R. 6(B), a trial court "may not extend the time for taking any action under * * * Civ.R. 59(D) * * *, except to the extent and under the conditions stated in [that rule]."

{¶17} In their appellate brief, the Herholds rely upon a former version of Civ.R. 59(D). The former version of the rule contained a 14-day time limit. Much like Civ.R. 50(B), the rule was amended, effective July 1, 2013, to increase the prescribed time limit to 28 days. The amendment applied to all actions then pending, "except to the extent that [its] application in a particular action * * * would not be feasible or would work injustice * * *." Civ.R. 86(JJ). Because the Herholds filed this action in 2008, it was pending when the amendment to Civ.R. 59(D) went into effect.

{¶18} In ruling on the Herholds' motion to strike the Defendants' motion for judgment notwithstanding the verdict or, alternatively, a new trial, the trial court employed the amended versions of both Civ.R. 50(B) and Civ.R. 59(D). Relevant to this assignment of error, the court found that "a motion for new trial * * * can be made either before or after a final, appealable order, but no later than 28 days after the final, appealable order." The Herholds never argued that the 28-day time limit should not apply because it "would not be feasible or would work injustice." *Id.* Moreover, on appeal, they rely upon the amended version of Civ.R. 50(B) in support of their third assignment of error. That assignment of error concerns the portion of the Defendants' motion that requested judgment notwithstanding the verdict. The Herholds have not explained why this Court should apply two different versions of the Civil Rules to the same motion. *See* App.R. 16(A)(7). Because this suit was pending when the amendment to Civ.R. 59(D) went into effect and the Herholds have not argued that it was error for the lower court to

rely on the amended version of the rule, we likewise rely on it in addressing the Herholds' argument.

**{¶19}** Civ.R. 59(D) consists of two paragraphs. The first paragraph addresses a court's ability to order a new trial, on its own initiative, when no one has moved for a new trial within the prescribed time limit. *See Stackhouse v. Logangate Property Mgt.*, 172 Ohio App.3d 65, 2007-Ohio-3171, ¶ 31-32 (7th Dist.); *Cleveland v. 8409 Euclid Ave., Inc.*, 8th Dist. Cuyahoga Nos. 46555, 46630, 46739 & 46740, 1984 WL 4505, *3-4 (Mar. 2, 1984). In those instances, a trial court only has 28 days to order a new trial "for any reason for which it might have granted a new trial on motion of a party." Civ.R. 59(D). *See also CitiBank v. Abu-Niaaj*, 2d Dist. Green No. 2011 CA 45, 2012-Ohio-2099, ¶ 13. The second paragraph of Civ.R. 59(D) addresses a court's ability to order a new trial when (1) a timely motion has been filed, but (2) the court intends to grant the new trial "for a reason not stated in the party's motion." Civ.R. 59(D). In those instances, the rule does not place a time limit on the court's ruling. *See Stackhouse* at ¶ 32; s*ee also Kelly v. Moore*, 376 F.3d 481, 481 (5th Cir.2004) (interpreting the federal version of the rule).

**{¶20}** As previously noted, the Defendants' filed their motion for judgment notwithstanding the verdict or, alternatively, a new trial within 28 days of the entry of judgment in this matter. Their motion indicates that it was served upon the Herholds that same day, and the Herholds have not disputed service. Therefore, the Defendants' motion was timely filed under Civ.R. 59. *See* Civ.R. 59(B). Because their motion was timely filed, the second paragraph of Civ.R. 59(D) applied to the court's ruling, and it was not subject to the 28-day time limit contained in the first paragraph of the rule. *See* Civ.R. 59(D); *Stackhouse* at ¶ 32-33. *See also Kelly* at 481. We, therefore, reject the Herholds' argument that the trial court issued a ruling

beyond Civ.R. 59(D)'s prescribed time limit. The Herholds' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THAT THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED A NEW TRIAL TO SMITH LAND AND SMITH[.]

{¶21} In their second assignment of error, the Herholds argue that the trial court erred by granting the Defendants' motion for new trial. Because the trial court based its decision on items that are not a part of the record, this Court must presume regularity and affirm the trial court's decision.

{¶22} "[A]n appellate court's review is restricted to the record provided by the appellant to the court. Accordingly, the appellant assumes the duty to ensure that the record, or the portions necessary for review on appeal, is filed with the appellate court." (Internal citations and quotations omitted.) *Bank of Am., N.A. v. Wiggins*, 9th Dist. Wayne No. 14AP0033, 2015-Ohio-4012, ¶ 13. *Accord Lunato v. Stevens Painton Corp.*, 9th Dist. Lorain No. 08CA009318, 2008-Ohio-3206, ¶ 11 ("This Court has repeatedly held that it is the duty of the appellant to ensure that the record on appeal is complete."). "When the record is incomplete, this Court must presume regularity in the trial court's proceedings and affirm its decision." *Helms v. Gains*, 9th Dist. Summit No. 27616, 2015-Ohio-4000, ¶ 4.

{¶23} The trial court here ordered a new trial because it concluded that,

upon review of the jury's verdicts, its answers to interrogatories, the manner in which the jury was instructed, the phrasing of the jury interrogatories, and the damages awarded, * * * the jury's verdicts and damage awards and the resulting judgment were contrary to law, and not sustained by the weight of the evidence.

The court wrote that the jury's damage awards appeared to be duplicative because the jury instructions did not differentiate between the conduct in support of the breach of contract claim

and the conduct in support of the fraud claims. The court further wrote that the instructions "unduly emphasized [the Herholds'] theory of the case" and were "misleading" and grammatically unsound. Additionally, the court found fault with the instructions insofar as they defined the different measures of damages because it found the instructions to be incomplete in several respects. The court ultimately concluded that the jury was not properly instructed and that a new trial was "required under the circumstances."

{¶24} Upon review, the record does not contain any of the trial exhibits or a copy of the jury instructions that the court read to the jury. On April 29, 2014, both parties filed proposed jury instructions. Neither the parties, nor the court, however, ever filed the finalized jury instructions that were read to the jury at trial. When the Defendants filed their motion for judgment notwithstanding the verdict or, alternatively, a new trial, they had an expedited transcript prepared and filed that transcript in the lower court. The transcript they filed, however, does not include the jury instructions, and the Herholds never had a separate transcript prepared. The record, as filed, only contains the transcript of the testimony given at trial. It does not contain any discussions regarding the jury instructions, the instructions themselves, or the exhibits.

{¶25} We note that, in setting forth its "anticipated ruling" on the Defendants' motion, the trial judge quoted from the jury instructions. The judge did not elaborate as to how he secured the instructions, given that no one filed them and given that he was not the judge who presided over the trial in this matter. Even assuming that the instructions upon which he relied were, in fact, the same instructions given to the jury, however, this Court cannot rely on the quoted portions of the instructions to reach a decision in this matter. The trial judge did not quote the instructions in their entirety and took issue with them, in part, because he found them

to be incomplete. Without the complete instructions, as read to the jury at trial, this Court cannot determine whether the trial court erred in reaching its ruling.

{¶26} This Court is not without sympathy for the Herholds. They waited six years for this matter to go to trial and then discovered, another 16 months later, that the fourth trial judge in this matter was vacating the unanimous jury verdicts in their favor. Because the Herholds are the appellants here, however, it was their burden to ensure that the record was complete and contained all of "the portions necessary for review on appeal." *Wiggins*, 2015-Ohio-4012, at ¶ 13. *Accord Lunato*, 2008-Ohio-3206, at ¶ 11. Without the portions of the record necessary to review the trial court's ruling in this matter, this Court has no choice but to "presume regularity in the trial court's proceedings and affirm its decision." *Helms*, 2015-Ohio-4000, at ¶ 4. Accordingly, the Herholds' second assignment of error is overruled on that basis.

### III.

{¶27} The Herholds' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

THOMAS A. SKIDMORE, Attorney at Law, for Appellants.

BRADLEY S. LEBOEUF, Attorney at law, for Appellees.

KAREN EDWARDS-SMITH, Attorney at Law, for Appellees.