[Cite as *Lathan v. Andrews*, 2017-Ohio-4419.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

SHARNAE LATHAN

    Appellee

    v.

KENYUNUS ANDREWS

    Appellant

C.A. No.    28382

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2007-02-0464

DECISION AND JOURNAL ENTRY

Dated: June 21, 2017

---

CALLAHAN, Judge.

{¶1} Kenyunus Andrews ("Father") appeals from an order of the Summit County Court of Common Pleas, Domestic Relations Division, increasing his child support obligation. This Court affirms.

I.

{¶2} Father and Sharnae Lathan ("Mother") are the parents of S.L. Mother is the residential parent, and Father is the child support obligor. Following an administrative adjustment hearing in 2013, the Summit County Child Support Enforcement Agency ("CSEA"), recommended a "revised child support order [of] $878.08 per month * * *." Father filed objections to CSEA's recommendation triggering the domestic court's review. Among other items, Father objected to the amount Mother was claiming to spend on child care.

{¶3} In January 2014, a magistrate's hearing was held with Mother present and Father, who lives out of state, participating by telephone. The magistrate found "no apparent defect in

the administrative calculation." Father filed objections to the magistrate's decision. The trial court overruled those objections and ordered "[t]he Administrative Order issued by the CSEA shall remain in effect."

{¶4} Father appealed, but this Court dismissed his appeal for lack of a final, appealable order. *Lathan v. Andrews*, 9th Dist. Summit No. 27447, 2015-Ohio-1249, ¶ 8-9. This Court explained, "[R.C.] 3119.63 does not permit the CSEA to modify the court's child support order; it may only recommend a modification, and the court must issue a modified order." *Id.* at ¶ 8.

{¶5} Upon remand, the trial court entered a new order and Father moved for a new trial on the basis of newly discovered evidence.[1] Father attached an affidavit from Mother's estranged father. He averred, inter alia, that Mother's child care provider had been his fiancé previously, that Mother did not pay for child care between 2002 and 2007, and that the child care provider continued to watch Mother's children on a limited basis at no cost to Mother. The court granted the motion for a new trial and referred the matter to a magistrate for hearing.

{¶6} That hearing was held in March 2016. Mother was present at the hearing. Although Father was not present, his attorney was. Neither the child care provider nor Mother's estranged father were present to testify. Mother presented various documents to refute her estranged Father's claim that she had not paid for child care between 2002 and 2007. Mother also submitted a copy of a letter from her child care provider. Mother testified that she paid this particular child care provider for child care from 2012 through 2014. She indicated that she was not seeking any amount for child care expenses beginning in 2015. Consequently, the magistrate

---

[1] Father also filed a notice of appeal from the new order, but requested this Court remand the matter pursuant to App.R. 4(B)(2) for the trial court to rule on his motion for new trial. This Court granted that motion, and that appeal was ultimately dismissed after the trial court granted the motion for new trial. *Lathan v. Andrews*, 9th Dist. Summit No. 27795 (May 29, 2015 and Jan. 19, 2016).

completed two child support computation worksheets. For the time period from August 1, 2013 to December 31, 2014, the magistrate calculated a support amount of $878.08 per month. For the time period beginning January 1, 2015, the magistrate calculated a support amount of $645.67 per month.

{¶7} Father filed objections to the magistrate's decision. More particularly, he objected:

> 1. The Magistrate failed to follow Summit County Domestic Relations Rule 12.01 Exhibits. Specifically, she allowed [Mother] to enter into evidence and relied on exhibits which had not been provided to [Father's] counsel per 12.01(c) seven days prior to the hearing.

> 2. The Magistrate abused her discretion in considering the amount of child care paid from [Mother] to [the child care provider] in the child support calculation.

> 3. The second child support worksheet is incorrect as it does not give either party credit for other kids that they are providing for in their respective households, which would alter the amount of child support to be paid.

{¶8} The first objection related to the documents from Mother refuting her estranged father's allegations regarding earlier payments for child care. The second objection related to the child care costs and the resulting support calculation for August 1, 2013 to December 31, 2014. The third objection related to the child support worksheet for the time period beginning January 1, 2015. The trial court overruled the first two objections and sustained the third one.

{¶9} Only the second objection concerning Mother's child care expenses from August 1, 2013 to December 31, 2014 is at issue in this appeal. In overruling this objection, the trial court noted that the magistrate found Mother's "testimony about child care costs to be credible" and Mother submitted evidence of her child care costs. The trial court ordered support in the amount of $878.08 per month from August 1, 2013 to December 31, 2014, and $510.83 per month effective January 1, 2015.

**{¶10}** Father appeals raising two assignments of error.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION BY CONSIDERING THE AMOUNT OF CHILD CARE PAID FROM [MOTHER] TO [CHILD CARE PROVIDER] IN THE CHILD SUPPORT CALCULATION.

**{¶11}** In his first assignment of error, Father argues that Mother did not provide sufficient proof of her child care costs.

**{¶12}** As an initial matter, this Court notes that Father is proceeding pro se in this appeal. This Court has repeatedly observed:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Paintiff v. Eberwein*, 9th Dist. Medina No. 14CA0117-M, 2016-Ohio-5464, ¶ 7, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. *Accord Eslinger v. McKnight*, 9th Dist. Summit No. 27649, 2015-Ohio-3446, ¶ 9.

**{¶13}** This Court reviews a trial court's decision with respect to child support, as well as a ruling on objections to a magistrate's decision, under an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989); *Daniels v. O'Dell*, 9th Dist. Summit No. 24873, 2010-Ohio-1341, ¶ 10. Under an abuse of discretion standard, this Court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). Rather, an abuse of discretion implies the trial court acted in a manner that was

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} Father contends that "[t]he judge stated that the notarized letter was not sufficient and no other documentation was provided so the child care cost should not be credited." In support of his position, Father references an exchange that occurred at the magistrate's hearing. To the extent that Father is basing this assignment of error on actions taken by the magistrate, this Court has held that claims of error on appeal must be based on the actions of the trial court. *See Knouff v. Walsh-Stewart*, 9th Dist. Wayne No. 09CA0075, 2010-Ohio-4063, ¶ 6.

{¶15} The trial court referenced the letter in its decision and found that Mother had submitted evidence of her child care costs. But, Father has not developed an argument that the trial court itself erred in relying on the letter,[2] nor has he cited any legal authority in support of this portion of his argument. An appellant has the duty of providing this Court with citations to authorities which support his position. *See* App.R. 16(A)(7). "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5. "It is not this Court's duty to create an appellant's argument for him." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 8, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶16} Father also notes that the child care provider did not testify at the hearing. The trial court acknowledged this in its finding of facts, but relied on Mother's testimony and

---

[2] The trial court refers to the letter as exhibit 11. The record before this Court does not contain any exhibits from the trial court. It is an appellant's burden to ensure the record on appeal is complete. *Herhold v. Smith Land Co., L.L.C.*, 9th Dist. Summit No. 28032, 2016-Ohio-4939, ¶ 26. Consequently, even if Father had developed his argument, this Court would be required to presume regularity absent a complete record including any disputed exhibits. *See id*.

evidence in reaching its decision. As with the previous portion of his argument, Father has not cited any legal authority or developed an argument that the trial court erred in relying on Mother's testimony and evidence.

{¶17} Finally, Father contends that, as a certified child care provider, Mother's child care provider should have provided her written receipts for her payments. As support for this assertion, he cites Ohio Adm.Code 5101:2-14-06(11). Ohio Adm.Code 5101:2-14-06 pertains to "[c]ounty agency responsibilities for the issuance and renewal for in-home aide certification." It does not contain a subsection 11, nor does it mention the provision of a receipt for payments. Moreover, a requirement to provide a written receipt does not necessarily lead to the conclusion that those receipts are the only method of proving the amount paid for child care services. Father has not cited any regulation, statute, case law, or other legal authority requiring a parent to introduce receipts from a child care provider in order for that payment to be included in a child support calculation.

{¶18} "If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." *Cardone* at *8. Father's first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED BY CALCULATING CHILD CARE COST INTO
THE CHILD SUPPORT OBLIGATIONS[.]

{¶19} In his second assignment of error, Father argues that Mother did not need child care as a work- or education-related expense.

{¶20} R.C. 3119.022 details items to be included when calculating child support. The statute provides various adjustments to income including: "19. Annual child care expenses for children who are the subject of this order that are work-, employment training-, or education-related, * * *." R.C. 3119.022. Father notes that Mother does not work. Although he

acknowledges that Mother was attending college during some of the relevant time period, he points out that her classes were held during the day when S.L. would be at middle school. Father also points out that Mother testified at the second hearing that she was not currently taking classes, but did not provide a date when she last attended college.

**{¶21}** This Court does not reach the merits of this argument because Father did not raise this issue in his objections to the magistrate's 2016 decision.

**{¶22}** Civil Rule 53 addresses proceedings in matters referred to magistrates. "Failure to specifically raise an argument in an objection to a magistrate's decision results in a forfeiture of that argument on appeal." *Coleman v. Coleman*, 9th Dist. Summit No. 27592, 2015-Ohio-2500, ¶ 9. A party may, nonetheless, argue plain error on appeal. *See* Civ.R. 53(D)(3)(b)(iv). Father, however, does not make a plain-error argument to this Court. "'[T]his [C]ourt will not sua sponte undertake a plain-error analysis if a[n appellant] fails to do so.'" *Coleman* at ¶ 9, quoting *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41, citing *State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 11.

**{¶23}** Following the magistrate's 2016 decision, Father raised three objections. Only the second objection concerned child care expenses. It stated:

> 2. The Magistrate abused her discretion in considering the amount of child care paid from [Mother] to [the child care provider] in the child support calculation.

In a supplemental brief supporting his objections, Father elaborated, "[Mother] did not provide the court with any further documentation of this [child care] expense other than the letter from [the child care provider] that was under dispute." He continued that the child care provider did not testify and was not subject to cross-examination. He represented that the court had stated that the letter alone was not sufficient to prove child care costs, but Mother "did not bring any additional evidence to show that she paid for childcare during that time."

{¶24} Father's 2016 objections did not mention R.C. 3119.022. He did not argue in those objections that Mother was not entitled to an adjustment for child care because she neither worked nor attended school during the relevant time period. The objections did not mention Mother's employment or education status.

{¶25} While Father had challenged Mother's need for essentially full-time child care to attend school on a part-time basis in his 2014 objections, those objections are not before this Court in this appeal. Father's 2014 and 2016 objections both challenged Mother's failure to provide evidence beyond the child care provider's letter to prove the amount of her child care expenses. But, unlike his 2014 objections, his 2016 objections no longer challenged Mother's need for child care to attend school.

{¶26} Furthermore, Father's notice of appeal specified that he is appealing "from the final judgment entered in this action on August 29, 2016." A notice of appeal must designate the judgments or orders appealed from. App.R. 3(D). As Father designated solely the 2016 entry, the trial court's treatment of his 2014 objections is not before this Court in this appeal.

{¶27} Father's second assignment of error is overruled.

III.

{¶28} Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

KENYUNUS ANDREWS, pro se, Appellant.

SHARNAE LATHAN, pro se, Appellee.